243 So.2d 412 (1971)
COMPERE'S NURSING HOME and The Home Indemnity Company
v.
Sally BIDDY.
No. 46036.
Supreme Court of Mississippi.
January 25, 1971.
Watkins & Eager, James A. Becker, Jr., Jackson, for appellants.
Bernard W.N. Chill, Jackson, for appellee.
SMITH, Justice:
This is a workmen's compensation case and is on appeal here from a final judgment of the Circuit Court of the First Judicial District of Hinds County, which reversed the order of the Workmen's Compensation Commission and awarded the claimant, Sally Biddy, compensation based upon a finding that she was "totally and permanently disabled."
Sally Biddy, a nurse's aide employed by Compere's Nursing Home, sustained a compensable injury to a "nonscheduled member" (her lower back), requiring a laminectomy. It was stipulated that she had previously undergone surgery in connection with a prior injury at or near the same interspace and that the surgeon who had performed the earlier operation would testify, if present, that from such operation claimant had a 5 per cent permanent partial disability to her body as a whole.
The only medical evidence was given by the surgeon who had performed the operation *413 following claimant's injury at Compere's Nursing Home. His testimony was to the effect that claimant had a 20 per cent permanent partial disability to her body as a whole, half of which was attributable to the preexisting condition brought about by the earlier injury, and the other half to the injury for which compensation is sought in this case. He testified that claimant had attained maximum medical recovery and was able to perform all of the work of a nurse's aide and do work which did not involve "heavy lifting," defining that as lifting weights of 35 to 40 pounds. Claimant's testimony and that of her daughter tended to show a more extensive disability, although claimant admitted she had not sought any further medical treatment since she had been discharged as having reached maximum medical recovery. She stated that she had made only one application for employment, that having been as a nurse's aide, and that this had been refused when the prospective employer learned of the back injury. She made no further effort to obtain employment as a nurse's aide or in any other line of work.
The attorney-referee and Workmen's Compensation Commission found as a fact that claimant was permanently and partially disabled to the "extent of 20 per cent to the body as a whole," and that 10 per cent of the disability of the body as a whole was due to "the preexisting injury." The Commission made an award of compensation on the basis of temporary total from the date of injury to the date of maximum medical recovery, and thereafter on the basis of its finding of 10 per cent permanent partial disability to the body as a whole, apparently equating this with loss of wage earning capacity. Also awarded were medical expenses plus a 10 per cent penalty on installments due and unpaid.
On appeal to the circuit court, that court reversed the Workmen's Compensation Commission, found that the claimant was totally and permanently disabled, since, the court said, she was disabled from doing the work of a nurse's aide and from doing work of a "like or similar" type. Claimant was awarded compensation on that basis, by the court, with no apportionment on account of the preexisting condition or injury. We think the court was in error in entering this judgment. The Workmen's Compensation Commission also was in error in predicating its award upon a finding that there had been a 10 per cent medical disability to claimant's body as a whole, rather than upon a determination of the extent of loss or impairment of claimant's wage earning capacity. Hale v. General Box Manufacturing Company, 235 Miss. 301, 108 So.2d 844 (1959).
The extent of this loss or impairment was a factual question for the Commission, and should have been determined on the basis of the loss or impairment of her wage earning capacity in the "same employment or otherwise." Mississippi Code 1942 Annotated section 6998-09(c) (25) (Supp. 1968), Russell v. Southeastern Utilities Service Company, 230 Miss. 272, 92 So.2d 544, 877 (1957). (Emphasis added).
In the case of Coulter v. Harvey, 190 So.2d 894, 897 (Miss. 1966) the Court said:
We so hold in the instant case, as we are of the firm opinion that the legislative intent as to what constitutes `disability' is expressed in Mississippi Code Annotated section 6998-02(9) (Supp. 1964) which states:
`Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment, which incapacity and the extent thereof must be supported by medical findings. (Emphasis added).
This means that the claimant must seek, after the disability subsides, employment in another or different trade to earn his wages. * * *
*414 The general rule is stated in Dunn's Mississippi Workmen's Compensation section 72 (2d ed. 1967), as follows:
`Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of the injury in the same or other employment. If the injury prevents the employee from resuming his former trade, work or employment, this alone is not the test of disability to earn wages or the test of the degree of such disability, but the definition relates to loss of capacity in `the same or other employment,' and the meaning is that the employee, after his period of temporary total incapacity, must seek employment in another or different trade to earn his wages. Thus, when an employee is prevented from resuming his trade because of a developed allergy to the materials with which he is required to work, he must seek other employment and may not recover as for a permanent disability solely because of a total incapacity to engage in the same or similar work.
The medical testimony before the Commission was to the effect that claimant's injury did not incapacitate her from performing all of the duties of a nurse's aide or doing work except such as involved "heavy lifting," which was defined as lifting 35 to 40 pounds. Claimant made no effort to obtain employment "otherwise," that is, in some job where heavy lifting would not be required of her.
On the record, the court was in error in making an award upon an original finding that claimant, because of the injury at Compere's, had suffered a total and permanent loss of wage earning capacity using as a criterion his finding that she could not do the work of a nurse's aide or work of a "like or similar" type.
The judgment appealed from must be reversed and the cause remanded to the Commission for determination of claimant's loss of wage earning capacity in the "same employment or otherwise," which was attributable to the injury sustained in the course of her employment by Compere's Nursing Home.
67 C.J.S. Otherwise page 533 (1950) states:
The word `otherwise' is variously defined as meaning in a different manner or way; in another way, or in other ways; in another manner or way; in any other way or ways. * * *
Reversed and remanded to the Workmen's Compensation Commission.
ETHRIDGE, C.J., and RODGERS, JONES and BRADY, JJ., concur.