374 So.2d 826 (1979)
SARDIS LUGGAGE COMPANY and Self-Insurers Service, Inc.
v.
Lora Moore Wilson.
No. 51405.
Supreme Court of Mississippi.
September 5, 1979.
*827 Daniel, Coker, Horton, Bell & Dukes, Robert S. Addison, Jackson, for appellant.
Bailey & Trusty, William L. Cook, Jr., Batesville, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
This is an appeal by Sardis Luggage Company, employer, and Self-Insurers Service, Inc., carrier, from an order of the Circuit Court of the First Judicial District of Panola County, Mississippi, which judgment affirmed the order of the Mississippi Workmen's Compensation Commission.
Under the terms of the aforesaid order, Lora Moore Wilson, claimant and appellee herein, was awarded compensation of temporary total disability at the rate of $63 per week from July 21, 1974, until January 18, 1975; and permanent partial disability benefits of $63 per week beginning January 18, 1975, not to exceed 450 weeks or until maximum benefits were paid. The appellants were also ordered to provide reasonable and necessary medical services and supplies.
The appellee, a forty-eight year old woman, with a tenth grade education and a history of manual labor, was employed in the pasting department of Sardis Luggage Company from August of 1962 until July 20, 1974. In the pasting department, the environmental conditions were considerably less than ideal. The air was usually filled with lint, dust and fuzz, which resulted from the "cutting" of materials used to make the luggage. Also, the fumes from the latex glue used in the pasting process permeated the atmosphere.
As a result of the exposure to these adverse conditions over an extended period of time, the claimant began to experience a shortness of breath and nausea. At the beginning of 1974, claimant was having a difficult time breathing in the plant, and her production ability had shown a marked decrease. Finally, on the morning of July 21, 1974, while in her home, claimant collapsed as a result of her condition. Claimant's local physician, Dr. Mark Hartley, diagnosed her condition as serious enough to warrant a lung specialist. The claimant was then transferred to Memphis, Tennessee, under the care of Dr. S. Gwin Robbins.
After consulting Dr. Robbins, and relating her history of prolonged exposure to the plant environment, the doctor performed a thorough physical examination on her, took x-rays of her lungs, and performed a pulmonary function study. The x-rays were positive and the pulmonary studies were abnormal. A lung biopsy was subsequently taken and the results of the biopsy indicated that claimant had irritating substances in her lungs which had caused permanent damage in the form of granulomatous lesions in her lungs.
These results convinced Dr. Robbins that this damage had a direct connection with her prolonged exposure to irritating substances in the course of her employment. Dr. Robbins advised claimant that she should not attempt to work at the appellant's *828 plant or in a factory that was not clean.
The administrative judge found as a fact, from the medical evidence given by Dr. Robbins, that claimant suffered a "permanent partial disability to the body as a whole of twenty percent from a medical or functional point of view which, when considered in light of claimant's age, education, work background and experience, results in a loss of wage earning capacity of $112.39."
Appellants have assigned numerous errors. However, only one cardinal issue deserves special attention; that being the administrative judge erred in awarding claimant permanent partial disability benefits, when she failed to prove a loss of wage-earning capacity "in the same or other employment."
The section governing permanent partial injuries in Mississippi Workmen's Compensation Act, Section 8(c)(25), Mississippi Code Annotated section 71-3-17(25) (1972) reads as follows:
Other cases: In all other cases in this class of disability, the compensation shall be sixty-six and two-thirds (66 2/3%) percent of the difference between his average weekly wages, subject to the maximum limitations as to weekly benefits as set up in this chapter, and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the commission on its own motion or upon application of any party in interest. Such payments shall in no case be made for a longer period than four hundred fifty (450) weeks.
The appellants contend that in cases falling under Section 8(c)(25) of the Act, as does the instant case, loss of wage-earning capacity cannot be calculated solely from the incapacity to engage in the same or similar employment, although supported by medical findings, but claimant must also prove that she made reasonable efforts to obtain employment in another or different trade after the disability subsided.
In Compere's Nursing Home v. Biddy, 243 So.2d 413 (Miss. 1971), the claimant made only one effort to obtain employment and this Court held that this was not enough to make out a prima facie case.
Justice Smith, speaking for the majority, stated the general rule:
The general rule is stated in Dunn's Mississippi Workmen's Compensation section 72 (2d ed. 1967), as follows:
`Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of the injury in the same or other employment. If the injury prevents the employee from resuming his former trade, work or employment, this alone is not the test of disability to earn wages or the test of the degree of such disability, but the definition relates to loss of capacity in `the same or other employment,' and the meaning is that the employee, after his period of temporary total incapacity, must seek employment in another or different trade to earn his wages. Thus, when an employee is prevented from resuming his trade because of a developed allergy to the materials with which he is required to work, he must seek other employment and may not recover as for a permanent disability solely because of total incapacity to engage in the same or similar work.
(243 So.2d at 414).
In the case sub judice, there is nothing in the record that even alludes to appellee seeking other employment after her alleged disability. Dr. Robbins testified that claimant could return to any factory-type work, so long as the environmental conditions were "clean." However, there is testimony by the claimant that at the time of the hearing she still had trouble breathing, that she cannot lift anything or do domestic chores without feeling physically fatigued.
More recently this Court reviewed this aspect of proof and to whom this burden of proof belonged in Thompson v. Wells-Lamont Corporation, 362 So.2d 638 (Miss. *829 1978). This Court stated that the claimant had the burden of proving a disability and the extent thereof and that in order for claimant to make out a prima facie case of disability she must unequivocally prove a reasonable effort to find other employment.
The rule which the Court adopted in Thompson, supra, is as follows:
The rule which we now adopt is: The claimant has the burden of proof to make out a prima facie case for disability, after which the burden of proof shifts to the employer to rebut or refute the claimant's evidence. After the burden shifts, evidence indicating that suitable employment was available to claimant becomes relevant and admissible. In such a posture, the employer may present evidence (if any) showing that the claimant's efforts to obtain other employment were a mere sham, or less than reasonable, or without proper diligence. Having proved her disability and established her training and experience, together with the fact that her efforts to obtain other employment failed, in the instant case Mrs. Thompson at least made out a prima facie case which Wells-Lamont failed to rebut or refute. (Id. at 641).
The Thompson decision, supra, points up without reservation, that in order for a claimant to be awarded permanent partial disability for loss of wage-earning capacity that he must first prove that he has sought other employment and was unsuccessful in acquiring a position, the employment being "in another or different trade to earn his wages."
Therefore, it was incumbent upon the appellee to prove that she had attempted to secure a job after her disability subsided, which she failed to do. In light of the judicial standards laid down above in determining appellee's loss of wage-earning capacity and in awarding permanent partial disability to appellee, we find that the lower tribunals were manifestly wrong in awarding permanent partial disability benefits.
We affirm as to the award of temporary total disability but reverse that part of the order awarding permanent partial disability benefits and remand to the Workmen's Compensation Commission. We would point out that under Mississippi Code Annotated section 71-3-53 (1972), the claimant may petition to reopen the cause within one year from the date this judgment becomes final for the purpose of putting on proof, if any she has, of loss of wage-earning capacity.
AFFIRMED AS TO AWARD OF TEMPORARY TOTAL DISABILITY BUT REVERSED AS TO THAT PART OF THE ORDER AWARDING PERMANENT PARTIAL DISABILITY BENEFITS AND REMANDED TO THE WORKMEN'S COMPENSATION COMMISSION.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.