457 So.2d 925 (1984)
Charles W. STRICKLAND
v.
M.H. McMATH GIN, INC. and American Auto Insurance Company.
No. 54444.
Supreme Court of Mississippi.
October 3, 1984.
*926 Robert G. Germany, Cothren & Pittman, Jackson, for appellant.
Thomas H. Suttle, Jr., Daniel, Coker, Horton & Bell, Jackson, for appellees.
Before WALKER, P.J., and HAWKINS and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This is an appeal from a decision by the Circuit Court of Humphreys County reversing an award by the Workmen's Compensation Commission of disability benefits and medical expenses to appellant for injuries sustained in a fall at work at appellee's cotton gin. The issues presented for decision are whether (1) certain factual inconsistencies between the evidence and the hypothetical question posed to appellant's doctor were so material as to require that the doctor's conclusion be disregarded that the fall caused appellant's back condition, and whether (2) the failure of appellant's Illinois doctors to furnish appellee with a report within the prescribed time on appellant's treatment bars appellant's recovery for the medical expenses incurred in Illinois. We conclude that the discrepancies between the evidence and the hypothetical question were not so significant as to render incompetent the doctor's finding of a causal connection between the fall and appellant's back condition, and conclude that appellant showed no grounds for excusing the requirement that he have his Illinois doctors furnish a medical report to appellee within twenty days of the first treatment in order to secure payment of those medical expenses. We reverse and remand to the full Commission to enter an appropriate award.

I.
At about 4 o'clock p.m. on the afternoon of September 20, 1976, appellant Charles W. Strickland, a truck driver and occasional laborer for appellee, McMath Gin, Inc., was *927 assisting several co-workers in the repair of a cotton press. A co-worker standing on top of the press ten feet above appellant was passing metal weights, known as "dogs" down to appellant to carry them outside. As he was walking away with one of the "dogs" he slipped upon some grease and water and fell backwards onto the concrete floor. Appellant managed to hold the weight away from him to prevent being crushed by it and was able to break the fall with his elbows. Although he sensed pain in his lower back, he got up and completed the day's work. Less than an hour after he left work, he attempted to get out of his vehicle when the pain in his back became so strong that he required the assistance of a friend to help him out of the car.
The next morning, after he reported the injury to his employer, he was sent to a doctor who recommended hospitalization. Over the next three to four weeks, appellant was treated by several doctors in various hospitals in Mississippi. As his condition was not improving and as he had no funds to support himself in Mississippi, he requested that he be transferred to a physician or hospital in Chicago, Illinois, where his family lived. His treating physician refused to transfer him, so on October 14, 1976, he left Mississippi and entered the VA hospital in Chicago. For the next ten months he was treated in several Chicago area hospitals for his back injury.
The accident was described in Strickland's motion to controvert as occurring when a "co-worker threw a 130-pound iron piece of equipment down to claimant from a height of 10 feet" which he caught but "was thrown backward to the ground, twisting to avoid being crushed". At the hearing before the administrative judge, Strickland testified that the weight was handed to him and that he was carrying it outside when he slipped and fell. He estimated that the weight of the "dog" was between 35 and 40 pounds. The only medical evidence in the record from the Mississippi physicians was that the appellant suffered from a back pain, source undetermined.
Dr. Allan Hirschtick, an orthopedic surgeon from Chicago, Illinois, testified by deposition on behalf of appellant. Dr. Hirschtick testified that he saw appellant on two occasions in February, 1977, and in September, 1978. In his opinion, the appellant was suffering from a herniated intervertebral disc which occurred as a result of his injury on the job in September, 1976. The deposition contained a lengthy hypothetical question posed to Dr. Hirschtick concerning the appellant's injury to which no objection was made by the attorneys for the employer. In pertinent part, the hypothetical question described the injury as occurring in the following manner:
... While he is standing on a floor with some grease and water beneath his feet, a fellow employee passes or drops down to him a metal weight of approximately 130 pounds from the height of approximately ten feet to this man, who in the process of receiving the metal falls backward holding the metal away from his body, lands on his rear, and then falls further so that his back then strikes the floor and he strikes a glancing blow to the back of his head.
At the same time in an endeavor to keep the weight off his body, he makes a sudden twisting motion.
The facts contained in the hypothetical appear to have been taken from the motion to controvert and not from the testimony given by the appellant before the administrative law judge.
On December 19, 1979, the administrative judge entered an order finding that there was no credible medical evidence to establish that the herniated intervertebral disc was in any way related to the accidental injury. This finding was based on the ruling of the administrative judge that the unopposed hypothetical question submitted to Dr. Hirschtick contained material facts which were not in the record.
The full Commission reversed the administrative judge as to the admissibility of the hypothetical question. The Commission found that the hypothetical contained two facts that were inconsistent with the testimony, (1) the object involved weighed 40 pounds, not 130 pounds; (2) Strickland was *928 walking with the object rather than catching the object when he fell. The Commission found that the inconsistencies in the hypothetical question as to the details of Strickland's fall were not such as to justify "rejection of the unopposed testimony of a qualified and disinterested expert without the opposing parties' objection." The Commission found that on a preponderance of the evidence Strickland's back condition was directly related to the compensable accident of September 20, 1976, and ordered that the employer pay temporary total disability benefits of $68 per week for a period of approximately two years beginning on the date of the accident. The Commission also ordered the employer to pay for all reasonable and necessary medical services, including those rendered to Strickland by Dr. Hirschtick and by the Chicago area hospitals.
On appeal, the circuit court of Humphreys County, Mississippi, reversed the Commission order on the ground that the hypothetical question posed to Dr. Hirschtick should not have been considered because material facts contained in the hypothetical were not in evidence in the case. That court thus found that there was no credible medical evidence establishing a causal connection between Strickland's condition and his injury. The court further found that the employer did not authorize and is, therefore, not responsible for any medical services, supplies or treatment that Strickland obtained outside the state of Mississippi.

II.

WERE THE INCONSISTENCIES IN THE HYPOTHETICAL QUESTION SO MATERIAL AS TO REQUIRE THAT DR. HIRSCHTICK'S OPINION BE DISREGARDED?
It is elemental that a compensation claimant generally has the burden of proof of showing an accidental injury arising out of employment and a causal connection between the injury and the claimed disability. Potts v. Lowery, 242 Miss. 300, 134 So.2d 474 (1961). If the hypothetical question and Dr. Hirschtick's response to that question must be disregarded, then the appellant has clearly not shown credible medical evidence to support a finding of disability, temporary or permanent, as a result of the injury. The Workmen's Compensation Commission is the trier of facts, as well as the judge of credibility of the witnesses, and the findings of fact supported by substantial evidence should be affirmed by the circuit court. Roberts v. Junior Food Mart, 308 So.2d 232 (Miss. 1975). All questions of law and fact are reviewable by the circuit judge in reviewing a compensation case, Mississippi Code Annotated § 71-3-51 (1972), but unless prejudicial error is found or the verdict is against the overwhelming weight of the credible evidence, the Commission's order shall be affirmed. Johnson v. Ferguson, 435 So.2d 1191, 1195 (Miss. 1983). While the procedural rules of the Mississippi Workmen's Compensation Commission provide that the general rules of evidence shall be relaxed in compensation hearings so as to permit the introduction of any relevant and competent evidence pertaining to the issue that will throw light on the matter in controversy, (Rule 8. See Dunn, Third Edition, Mississippi Workmen's Compensation, page 594), this does not relieve lawyers from their obligation to object to a hypothetical question if it assumes facts that are not in evidence. Alexander v. Campbell Construction Company, 288 So.2d 4, 7 (Miss. 1974).
It is a question of law for this Court to determine whether a hypothetical question on which an expert's opinion is based is supported by sufficient evidence. See Belesky v. City of Biloxi, 412 So.2d 230, 233 (Miss. 1982). While it is generally recognized that, where facts are disputed, a party may state facts in a hypothetical question consistent with his theory of the case, Magnolia Hospital v. Moore, 320 So.2d 793, 798 (Miss. 1975), a party may neither assume facts unsupported by any evidence, Washington v. Greenville Manufacturing and Machine Works, 223 So.2d 642, 644 (Miss. 1969), nor omit material undisputed facts in a hypothetical question posed to an expert witness, Magnolia Hospital v. Moore, Id. at 799.
*929 A constructive comparison may be drawn between this case and our ruling in Williams Brothers Company v. McIntosh, 226 Miss. 553, 84 So.2d 692 (1956). In McIntosh the claimant was struck on the head by a falling tree and knocked unconscious, producing a brain tumor that eventually killed him. The Commission denied his widow's claim for benefits on the strength of the medical opinion of his employer's doctors that there was no causal connection between the accident and the tumor. On appeal, this Court held that the doctor's opinion which was based upon the assumption that the claimant had been brushed, not struck, on the head by the falling tree was erroneous where there was no evidence in the record to show that the claimant had merely been brushed by the tree. The Court stated:
A hypothetical question should assume a state of facts, which has been shown by the evidence of other witnesses or by the testimony of the expert himself.... The nature or severity of the blow from the limb was the original landmark. When the point of beginning is uncertain, no one can feel certain that the established line is correct.
Id. at 560, 84 So.2d at 695. The McIntosh case involved an instance where the severity of the blow to the head was so essential to the diagnosis, that a medical opinion erroneously based on an assumption greatly minimizing the severity of the blow must be disregarded.
In the case sub judice, as in the McIntosh case, there is a noticeable discrepancy between the evidence and the hypothetical question. In the case sub judice, as in McIntosh, our focus is on whether there was evidence in the record on which counsel for appellant could base a state of facts found in the hypothetical question. The two inconsistencies concerned the weight of the "dog" and what the appellant was doing at the time he slipped and fell. On the more serious discrepancy, the weight of the "dog", the record is in conflict. Appellee's witnesses estimated its weight at 40 pounds but appellant estimated its weight at about 100 pounds. On the less serious discrepancy, whether the appellant was standing or walking when he fell, appellant's own testimony was that he was walking and carrying the weight. In evaluating the discrepancies in light of the evidence, we find, as in McIntosh, the severity of the fall was essential to the diagnosis, but conclude that there was sufficient evidence upon which to base the facts contained in the hypothetical posed to Dr. Hirschtick. When compared to the extreme exaggeration found in the McIntosh case, the severity of the fall in this case was not so exaggerated in the hypothetical question as to require its exclusion, in view of the conflicting evidence.
As noted by the Commission, apart from the weight of the object and the actions of the appellant, all other relevant and material facts of record essential to the formulation of an opinion based on a reasonable medical certainty were accurately portrayed in the hypothetical question. The evidence is clear that the claimant sustained a fall at work; that he began to experience pain and limitation of motion within one hour of his fall; and that since the fall claimant has continued to obtain medical treatment for his back condition. We agree with the Commission that the inconsistencies in the hypothetical question which were related solely to the details of claimant's fall were not such as to justify rejection of the unopposed testimony of a qualified and disinterested expert without the opposing party's objection.
With the inclusion of the expert witness's response to the hypothetical question as discussed above, the credible medical evidence certainly supported a finding of disability, and it was error for the circuit court to rule otherwise.

III.

DID THE CIRCUIT COURT ERR IN NOT REQUIRING THE EMPLOYER TO PAY FOR ALL MEDICAL EXPENSES INCURRED BY THE APPELLANT FOR MEDICAL SERVICES RENDERED TO HIM IN ILLINOIS?
The workmen's compensation statute in regard to medical services in force at the *930 time of this case, Mississippi Code Annotated § 71-3-15 (1972) states:
... The employee shall not be entitled to recover any amount expended by him for such treatment or services, except in emergency cases, unless he shall have requested his employer to furnish the same and the employer shall have refused or neglected to do so, ... . Nor shall any claim for medical or surgical treatment be valid and enforceable, as against such employer, unless within twenty (20) days following the first treatment the physician giving such treatment furnish to the employer and the commission a report of such injury and treatment, on a form prescribed by the commission. The commission may, however, excuse the failure to furnish such report within twenty (20) days when it finds it to be in the interest of justice to do so, and may, upon application by a party in interest, make an award for the reasonable value of such medical or surgical treatment so obtained by the employee.
It is undisputed that appellant did not request further medical treatment from appellee, his employer, upon his arrival in Illinois. It is also clear that appellant did not have his Illinois doctors furnish appellee with medical reports within twenty days after their first treatment of appellant. Appellees rely on Greenville Mills v. Wilkinson, 297 So.2d 905 (Miss. 1974), for the proposition that where an employee does not request any further medical treatment from his employer, such medical expense is limited to $100.00 unless there is an exception to the rule as set out in the statute.
Appellant relies upon Sperry-Vickers, Inc. v. Honea, 394 So.2d 1380 (Miss. 1981), wherein this Court allowed payment of medical benefits where the employee failed to comply with § 71-3-15 on the basis of the "interests of justice" exception contained in that statute. In Honea, the employer knew of the employee's condition and knew he would require medical treatment. Also, the employer failed to show that, had it been allowed to provide the medical treatment, it would have been different. Id. at 1384. The Court relied upon the portion of the statute which allows the Commission to "excuse the failure to furnish such a report ... when it finds it to be in the interest of justice to do so ..." Specifically, the Court relied upon Struthers Wells-Gulfport, Inc. v. Bradford, 304 So.2d 645, 649 (Miss. 1974), in which a claim brought after a statutory period had expired was allowed on the ground that the employee believed the condition not to be job-related.
The case sub judice is distinguishable from the Honea and the Bradford cases on this last point. Strickland told all the Mississippi doctors that he attributed his back condition to the accidental fall while at work. Thus, the ground upon which the Honea court excused the claimant's failure to furnish medical reports does not exist in this case. Therefore, the employer or its carrier are not liable for the full amount of Strickland's medical bill incurred after his arrival in Illinois because it was not shown that he requested his employer to furnish further medical care, and that the employer refused or neglected further medical treatment, nor was any emergency shown or any interest of justice established which would excused the failure to forward to the employer a medical report within 20 days after the first treatment by the Chicago physician. Greenville Mills v. Wilkinson, Id. at 908.
However, there remains the question of whether McMath Gin would be liable under § 71-3-15(5) (1972), for a limited amount of his medical bills. That section provides that:
(5) An injured worker who believes that his best interest has been prejudiced by the findings of the physician designated by the employer or carrier shall have the privilege of a medical examination by a physician of his own choosing, at the expense of the carrier or employer. Such examination may be had at any time after injury and prior to the closing of the case, provided that the charge *931 shall not exceed one hundred dollars ($100.00) and shall be paid by the carrier or employer where the previous medical findings are upset, but paid by the employee if previous medical findings are confirmed.
In this case, the Mississippi doctors had not reached a firm diagnosis at the time appellant left this state and had only determined that the appellant had a pain in his back from an undetermined cause. Dr. Hirschtick's diagnosis established that appellant was suffering from a herniated intervertebral disc, and that cannot be said to have confirmed the previous medical findings because no such diagnosis had been reached by the Mississippi doctors. If anything, Dr. Hirschtick's diagnosis upset the previous medical findings; therefore, appellant would appear to be entitled to recover up to $100 of the cost of Dr. Hirschtick's medical services as provided under § 71-3-15(5). See Williamson v. Delta Millworks, Inc., 262 So.2d 183, 187 (Miss. 1972).

IV.
In summary, we conclude that the circuit court erroneously rejected Dr. Hirschtick's medical opinion as to causal connection because the inconsistencies between the evidence and the hypothetical question were based upon conflicting evidence. We further find that appellant is entitled to recover up to $100 of the medical expenses incurred after his departure from Mississippi, as provided under § 71-3-15(5). We reverse the circuit court and remand this case to the full Commission to enter an award in conformance with this opinion.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
PATTERSON, C.J., and BOWLING, J., not participating.