# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CC-00355-SCT

*GEORGIA-PACIFIC CORP.*

*v.*

*ROBERT LEE HARRIS*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/31/96 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SILAS W. McCHAREN |
| | ARTHUR S. JOHNSTON, III |
| ATTORNEY FOR APPELLEE: | THOMAS L. TULLOS |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 09/04/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/25/97 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

### I.

Robert Lee Harris filed a petition to controvert workers' compensation claim on November 26, 1990, due to an injury to his lower back while operating a front-end loader. Harris's employer, Georgia Pacific Corp., self-insured, filed an answer denying that Harris sustained an injury arising out of his employment. A hearing was held on October 13, 1994, before a Workers' Compensation Administrative Law Judge (hereinafter "ALJ"). The ALJ determined that Harris suffered a compensable injury. The ALJ determined that Harris was temporarily and totally disabled from September 26, 1990, until he reached maximum medical recovery on March 14, 1991. The ALJ determined that Harris suffered a seven percent permanent physical impairment but refused to award permanent partial disability benefits, because Harris failed to make diligent and reasonable attempts to resume employment since his maximum medical recovery. On November 22, 1994, the ALJ awarded Harris temporary total disability benefits in the amount of $212.58 a week beginning September 26,

1990, and continuing until March 14, 1991, and all reasonable and necessary medical services and supplies.

On March 27, 1995, a hearing was held before the Mississippi Workers' Compensation Commission. The Commission affirmed the ALJ's order. On appeal Jasper County Circuit Court Judge Robert E. Evans remanded the cause to the Workers' Compensation Commission, because the ALJ failed to apply *Jordan v. Hercules, Inc.*, 600 So.2d 179 (Miss. 1992). The Circuit Court ordered that the case should be remanded to determine whether Harris conducted a reasonable job search and whether Harris has lost any wage earning capacity. Georgia Pacific appeals to this Court from the circuit court's order.

## II.

Harris, born on July 11, 1948, has a ninth grade education. He has completed a six month vocational training class in small automotive. Harris can not read a newspaper and can only sign his name. Harris's previous jobs include working as a mechanic for an auto dealer, driving a tractor for an oil company, running a skidder for a logging company, and working for a telephone company operating heavy equipment. Harris has operated heavy equipment most of his life.

Harris began working for Georgia Pacific in 1974. He began as a dock loader, but has operated a front-end loader for approximately sixteen years. Harris's average weekly wage was approximately $525.00.

While employed with Georgia Pacific in April 1986, Harris jumped from a falling crane. He fell approximately twenty feet, suffered no broken bones, and had only minor injuries. Harris worked for Georgia Pacific injury free until September 26, 1990.

On September 26, 1990, Harris was operating a front-end loader which loaded logs up a ramp. The loader hit a hole that was on the ramp. Each time the loader hit the hole, Harris was thrown against the left side of the loader. During lunch, Harris' left side went numb. His supervisor, Fred Connelly, took Harris to see the foreman, Billy McKinley. Afterward, McKinley took Harris to see Dr. Pruitt. Dr. Pruitt took x-rays of Harris. Later that afternoon, Harris went to South Regional Hospital in Laurel. Dr. Pruitt saw Harris at the Laurel hospital, ran tests, and referred him to Dr. Seals, a neurologist. Harris saw Dr. Seals through April 1991. Since the accident, Harris has had a rather lengthy medical history with a number of physicians.

Since the 1990 accident, Harris testified that he can only walk 500 feet, and when sitting he gets numb in his lower back and leg. Harris testified that he can only sit for thirty minutes at a time before getting numb, cannot sleep on his left side, can no longer lift heavy objects, and can no longer climb stairs or ladders. Harris testified that when raising his arms or squatting, his side hurts, and he must take pain pills in order to sleep. He also testified that he can no longer operate a front-end loader, because operation requires sitting several hours and the loader's vibrations hurt his lower back. Harris testified that he cannot work as a mechanic, because he could not sit for long periods of time.

On Jan. 24, 1991, Dr. Robinson reported that Harris could go back to work. Harris went to Dr. Seals after seeing Dr. Robinson. Dr. Seals, Harris's primary physician, did not release Harris to return to work, but referred him to Dr. Stringer. When Dr. Seals released Harris to return to work on March

20, 1991, Harris attempted to return to work.

Harris testified that he returned to Georgia Pacific in March 1991, seeking his old job. Harris testified that when he returned to work, Geogia Pacific's plant manager, Mark Robinson, said he was not capable of performing his job. Harris testified that he kept going back and Georgia Pacific kept telling him he was incapable of performing his job.

Mr. Robert Harper, personnel manager, testified on behalf of Georgia Pacific. Harper testified that Harris's last day of work was Sept. 26, 1990. Harper testified that Harris was terminated, because he received a work release from Dr. Robinson stating that he was physically able to return to work on January 23, 1991. Harris did not return or call Georgia Pacific in January, thereby violating company policy. Harper testified that the "3 day no call no report" rule is standard procedure in the policy handbook issued to each employee. Harper testified that the rule in the handbook reads, "Three days no call or no report without reasonable excuse and you are terminated if you don't report to work." Harper testified that Harris tried to return in March 1991, but was already terminated in January due to the policy.

After his termination from Georgia Pacific, Harris testified that he has attempted to work elsewhere. He stated that he worked for International Paper for three to four weeks operating a knuckle boom but quit because of numbness. Harris testified that he worked for Crumpton Timber Company operating a knuckle boom for a week but had the same problems. He stated that he applied for a job with Peco Poultry and never heard from them, but stated that the application required that he reveal his physical condition. Harris testified that he has not done any other work. Harris receives Social Security. Harris testified that he knows of no type of work that he is now capable of performing. He also testified that he could not do office work, because he could not read the forms and cannot operate a typewriter or computer.

On cross-examination, Harris could recall when he tried to work for Crumpton Timber. He testified that he made three attempts to procure work, but could not recall the month or year of each. However, Harris testified that he sought employment with Peco in 1994. Harris signed up for unemployment benefits, stating that he was both physically able and actively seeking employment. However, Harris testified that he was in fact seeking employment at that time.

## III.

The circuit court ordered that the case should be remanded to determine whether Harris conducted a reasonable job search and whether Harris has lost any wage earning capacity. Georgia Pacific maintains that the circuit court erred in reversing and remanding the order of the ALJ and the Commission. Georgia Pacific asserts the following errors: 1) the circuit court committed manifest and reversible error in remanding the case by failing to find that the ALJ and Commission's order was not supported by substantial evidence or contrary to the law; 2) the circuit court committed reversible error in remanding this matter for another determination of the question of the reasonableness of Harris's job search efforts since the job search issue is inherently factual and was determined by the ALJ and Commission; and 3) the ALJ's determination that Harris's job search was not reasonable or diligent is supported by substantial evidence.

Our standard of review of workers' compensation cases is well established. The Workers'

Compensation Commission is the trier and finder of facts. ***Fought v. Stuart C. Irby Co.***, 523 So.2d 314, 317 (Miss. 1988). If the Commission's findings of fact and order are supported by substantial evidence, then we are bound by them even though we as fact finder would have been convinced otherwise. ***Fought***, 523 So.2d at 317 (citations omitted). We will exercise *de novo* review on matters of law. ***KLLM, Inc. V. Fowler***, 589 So.2d 670, 675 (Miss. 1991).

The ALJ's decision not to award permanent partial disability was based on the finding that Harris had not made a diligent and reasonable job search. While we defer to the ALJ's determination that Harris's job search was not reasonable and diligent, such a conclusion is not necessary in the case *sub judice*. Reversible error occurred, because the ALJ failed to follow ***Jordan v. Hercules, Inc.***, 600 So.2d 179 (Miss. 1992). While the ALJ usually must determine whether a claimant has made a reasonable job search, if the claimant returns to work but is not rehired, the claimant has made a prima facie case for an award of permanent partial disability benefits. ***Jordan***, 600 So.2d at 179. Thus, the ALJ failed to apply all applicable law.

Georgia Pacific claims that there was sufficient evidence to support the ALJ's finding that Harris did not diligently seek employment. We agree. The circuit court's order to remand the case to determine whether Harris's job search was reasonable and diligent was improper. However, we agree that ***Jordan*** is applicable and that the case should be remanded, because the ALJ failed to determine that Harris had presented a prima facie case for an award of permanent partial disability benefits.

We define disability as "incapacity because of injury to earn wages which the employee was earning at the time of injury in the same or other employment." ***McNeese v. Cooper Tire and Rubber Co.***, 627 So.2d 321, 325 (Miss. 1993)(quoting ***Jordan***, 600 So.2d at 183). In determining permanent disability and loss of wage earning capacity, the claimant must show that he has sought and been unable to obtain work "in similar or other jobs." ***Barnes v. Jones Lumber Co.***, 637 So.2d 867, 869-70 (Miss. 1994)(citing ***Georgia Pacific v. Taplin***, 586 So.2d 823, 828 (Miss. 1991)). *See also* ***Sardis Luggage Co. v. Wilson***, 374 So.2d 826, 829 (Miss. 1979). "Once the claimant has made a prima facie case, the burden shifts to the employer to show that claimant's efforts constituted a mere sham." ***Barnes***, 637 So.2d at 870; ***Taplin*** 586 So.2d at 828; ***Sardis Luggage Co.***, 374 So.2d at 829. However, the ***Jordan*** Court stated:

> When a claimant, having reached maximum recovery, reports back to his employer for work, and the employer refuses to reinstate or rehire him, then it is prima facie that the claimant has met his burden of showing total disability. The burden then shifts to the employer to prove a partial disability or that the employee has suffered no loss of wage earning capacity.

***Jordan***, at 183. *See also* ***McNeese v. Cooper Tire and Rubber Co.***, 627 So.2d 321, 325 (Miss. 1993). If an employee returns to work and is not rehired but refused, then the claimant has shown a prima facie case regardless of whether he has diligently sought employment elsewhere. The ALJ determined that Harris was seven percent permanently physically impaired but denied permanent partial disability benefits, because Harris had not reasonably and diligently sought employment. Thus, the ALJ failed to consider ***Jordan*** when denying Harris permanent partial disability benefits. The ALJ did not make a specific finding that the employer proved that Harris has suffered no loss of wage earning capacity. Since the ALJ and Commission are finders of fact, the case *sub judice* is remanded on the issue of whether Georgia Pacific proved Harris suffered no loss of wage earning capacity.

Georgia Pacific contends that *Jordan* applies here since Harris was fired because he failed to follow company policy, not because he was unable to perform his job. At the hearing before the ALJ, Georgia Pacific's personnel manager, Robert Harper, testified that Harris violated the "three days no call report." According to Harper, each employee is given a handbook which contains Georgia Pacific's policies. In the handbook, a rule states that if an employee fails to call or report without reasonable excuse to Georgia Pacific, then the employee is terminated. Harper testified that Georgia Pacific received a letter from Dr. Robinson on January 23, 1991, stating that Harris was physically able to return to work. Since Harris did not return to work until late March, 1991, Harper testified that Harris violated the no call no report rule. When Harris did report to Georgia Pacific in March, Harris had already been terminated. Thus, Harper contends that Harris was refused his job because of the rule violation, not because Harris was unable to perform his job.

Harris returned to work in late March, 1991, when Harris' primary physician, Dr. Seals, sent a letter to Georgia Pacific stating that Harris was physically able to perform light work. The ALJ did not specifically determine whether Harris was properly terminated or not. However, the ALJ determined that, "Based on the evidence in its entirety I find claimant was temporarily and totally disabled from September 26, 1990, until he reached maximum medical recovery on March 14, 1991, the date of claimant's examination by Dr. Stringer, and find claimant suffers a 7% permanent physical impairment." Implicitly, the ALJ determined that Harris had not violated the three day no call no report rule in January, 1991 because they ruled Harris had not reached medical recovery until March. However, the ALJ never explicitly ruled on the issue.

We have held that in doubtful cases the doubt should be resolved in favor of compensation in order to uphold the purpose of the act. *Barham v. Klumb Forest Products Center, Inc.*, 453 So.2d 1300, 1304 (Miss. 1984); *M.T. Reed Construction Co. v. Garrett*, 249 Miss. 892, 164 So.2d 476 (1964). Georgia Pacific based Harris's termination on Dr. Robinson, a physician seen on referral to determine whether surgery was needed, whom Harris saw only once. The ALJ specifically found that Harris was fully medically recovered according to Dr. Stringer's recommendation on March 14, 1991, much later than Dr. Robinson's work release. Therefore, it appears that Harris was improperly terminated in January 1991, and has made a prima facie case. Harris returned to work when his primary physician signed a work release form. However, since this is a finding of fact, the ALJ and/or Commission should make the final determination.

## CONCLUSION

The ALJ failed to apply the correct legal burden required of Harris. The ALJ never mentioned that Harris had not made a prima facie case under the *Jordan* standard, but rather, simply stated that Harris had not diligently and reasonably sought employment. Therefore, we remand the case for a determination of whether Georgia Pacific properly terminated Harris for a reason other than his ability to perform and, if not, whether the primae facie case established from that fact per *Jordan* was overcome by other evidence of his ability to perform. On remand, Georgia Pacific must put on evidence that Harris has suffered no loss of wage earning capacity.

**LOWER COURT'S ORDER TO REMAND THE CASE TO THE WORKERS' COMPENSATION COMMISSION AFFIRMED.**

**PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**

**LEE, C.J., CONCURS IN RESULT ONLY. SMITH, J., NOT PARTICIPATING.**