780 So.2d 643 (2000)
James Allen OWENS, Appellant,
v.
WASHINGTON FURNITURE COMPANY, Appellee.
No. 1999-WC-00634-COA.
Court of Appeals of Mississippi.
May 9, 2000.
Rehearing Denied August 22, 2000.
*644 Talmadge D. Littlejohn, New Albany, for appellant.
William A. Patterson, Jackson, Chandra Thrash Lee, Clinton, for appellee.
En Banc.
LEE, J., for the Court.
¶ 1. James Alvin Owens, Jr, the appellant, appeals from the Pontotoc County Circuit Court decision which affirmed the Mississippi Workers' Compensation Commission. He appeals from the court's findings that though Owens incurred temporary total disabilities for two separate work related injuries while he was employed at Washington Furniture Company, the weight of the medical evidence did not support a conclusion that he suffered a work related psychiatric impairment, nor that he suffered a vocational disability as a result of work related psychiatric diagnoses, either of a permanent or a temporary nature. Finding no error, we affirm the lower court.

FACTS
¶ 2. James Owens, Jr. was employed by Washington Furniture Company for approximately three years when he suffered injuries to his shoulder and neck on September 30, 1991, while in the course and scope of his employment. He received workers' compensation benefits for this injury. Owens was off work for approximately three weeks and was treated by two doctors before returning to work on October 10, 1991. He worked continually until February 7, 1992, when he injured his back lifting a sofa sleeper while in the course and scope of his employment. Other than three weeks of employment with another furniture company in September 1992, Owens has not been employed since this injury, nor has he sought gainful employment during this time. He has seen nine doctors, including a psychiatrist, and complains of pain in his back, leg, foot and buttocks, and depression resulting from his injuries. Owens testified that he had been treated and medicated since 1988 for mental problems, including depression.
¶ 3. Owens received temporary total disability benefits for this injury through December 31, 1992. The administrative law judge determined that Owens had suffered two compensable injuries as a result of his employment, one to his shoulder and neck and another to his back. She also found that the weight of the medical evidence did not support the conclusion that Owens had suffered a work related psychiatric impairment of either a temporary or a permanent nature. Owens contends that he is entitled to have his injury designated as permanent and total in nature and that he should receive benefits in accordance with *645 this designation. Owens appealed the decision of the administrative law judge to the Full Commission and it was affirmed. Owens then appealed to the Chickasaw County Circuit Court which transferred the case to the Pontotoc County Circuit Court. The Pontotoc County Circuit Court ultimately affirmed the Full Commission.

STANDARD OF REVIEW
¶ 4. The Workers' Compensation Commission is the agency empowered to apply the statutory scheme created for workplace injuries, and within broad limits their view on the evidence is binding. Reversal is justified only when a commission order is not based on substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law. Smith v. Jackson Const. Co., 607 So.2d 1119, 1124 (Miss.1992). The Commission is the trier and finder of facts in a compensation claim. Inman v. Coca-Cola/Dr.Pepper Bottling Co., 678 So.2d 992, 993 (Miss. 1996). Our task is to review the Commission's decision for validity, even though the appeal is technically from the circuit court. Delta CMI v. Speck, 586 So.2d 768, 773 (Miss.1991).

ISSUES
¶ 5. Owens asserts some seventeen assignments of error, which we have consolidated into the following:
I. WAS THE COMMISSION CORRECT IN FINDING THAT OWENS DID NOT SUSTAIN HIS BURDEN OF PROOF TO SHOW THAT HE SUFFERED A PERMANENT TOTAL DISABILITY AS THE RESULT OF A WORK RELATED INJURY?
II. WAS THE COMMISSION CORRECT IN FINDING THAT OWENS DID NOT SHOW THAT HE SUFFERED A LOSS OF WAGE EARNING CAPACITY AS A RESULT OF HIS ALLEGED DISABILITY?
III. WAS THERE SUBSTANTIAL EVIDENCE TO SUPPORT THE COMMISSION'S FINDING THAT OWENS WAS NOT TOTALLY AND PERMANENTLY DISABLED?

DISCUSSION

I. WAS THE COMMISSION CORRECT IN FINDING THAT OWENS DID NOT SUSTAIN HIS BURDEN OF PROOF TO SHOW THAT HE SUFFERED A PERMANENT TOTAL DISABILITY AS THE RESULT OF A WORK RELATED INJURY?
¶ 6. In a workers' compensation case, the claimant bears the burden of proving by a "fair preponderance of the evidence" each element of the claim. Bracey v. Packard Elec. Div., Gen. Motors Co., 476 So.2d 28, 29 (Miss.1985). These elements are: (1) an accidental injury, (2) arising out of and in the course of employment, and (3) a causal connection between the injury and the death or claimed disability. Strickland v. M.H. McMath Gin, Inc., 457 So.2d 925, 928 (Miss.1984). The claimant has the burden of establishing the essential elements of his claim, leaving nothing to surmise, conjecture, or speculation. South Miss. Elec. Power Ass'n v. Graham, 587 So.2d 291, 294 (Miss.1991).
¶ 7. In this case, though Washington Furniture Company, as Owens's employer, has admitted that the claimant's injury is compensable, it denies that he has overcome his burden of proving that he sustained a permanent disability as a result of the accident. Although the record indicates that Owens had seen nine physicians since his injury at Washington Furniture Company, no physician provided a medical basis for his claim. The record shows that even the three physicians upon whose testimony Owens primarily relied were not able to articulate a medical explanation for Owens's continued allegations regarding his work related disability.
¶ 8. Dr. Russell, a psychiatrist, saw Owens on October 5, 1993, twenty months after the injury. Russell saw Owens only *646 once for a psychiatric evaluation in regard to his eligibility for social security benefits and testified that Owens described to him symptoms of anxiety in which he would feel nervous, uptight, and jittery, and his hands would sweat and shake. Owens told Russell that he was struggling with feelings of depression, that he worried a lot and was easily frustrated, and that he had become increasingly withdrawn and was avoiding people. Russell diagnosed Owens with an Axis I general anxiety disorder and chronic depression based on his history and evaluation of him that day. Dr. Russell testified that he performed no psychological tests on Owens and that Owens's chronic depression predated his injury at Washington Furniture. Russell explained Axis I diagnosis as a somatoform pain disorder. This refers to symptoms which are physical in nature but for which there is no organic explanation. Russell noted that Owens's history showed that his CT scan, myelogram, and MRI were all negative as well as were tests for nerve conductor studies. Dr. Russell's opinion, however, was that Owens was incapable of coping with the physical and emotional demands of employment and that these conditions were work related. He considered Owens to be totally and permanently disabled and that he would not be able to engage in any type of gainful employment.
¶ 9. Owens also relies on the testimony of his family physician, Dr. Griffin, to support his claim. However, the record shows that Dr. Griffin's opinion was based on Owens's mere statements to him. Dr. Griffin stated that even though he was aware that the tests performed on Owens were negative, that he still believed Owens was permanently disabled because he believed his patient. Griffin stated "When he says he hurts when he bends over or walks, I believe." Likewise, Dr. Barnett, an orthopaedic surgeon, admitted that his opinion regarding Owens's restrictions for work was based primarily on Owens's statements to him. In addition, Owens saw Dr. Wood Hiatt, a psychiatrist, in September, 1995, more than three and one half years after the injury. Dr Hiatt interviewed Owens at this time and reviewed his extensive medical file. Though Hiatt attributed fifteen percent of Owens's pain disorder to his back injury, it appears that the administrative judge did not attach significant weight to Hiatt's opinion.
¶ 10. It is apparent that the Commission did not find the testimony of the doctors upon which Owens relied as sufficient to meet his burden of proof to show a causal connection between Owens's injury and the claimed disability as the law requires. Strickland, 457 So.2d at 928. In light of the failure of the medical evidence to establish that Owens was permanently disabled to any extent as a result of his injuries at Washington Furniture, the Commission was correct in finding that Owens was not entitled to permanent disability benefits.

II. WAS THE COMMISSION CORRECT IN FINDING THAT OWENS DID NOT SHOW THAT HE SUFFERED A LOSS OF WAGE EARNING CAPACITY AS A RESULT OF HIS ALLEGED DISABILITY?
¶ 11. In denying permanent disability benefits, the administrative law judge stated that it was Owens's burden to show a loss of wage earning capacity as a result of his permanent vocational disability, and that this must be shown after reasonable efforts have been made to obtain employment. Sardis Luggage Co. v. Wilson, 374 So.2d 826, 829 (Miss.1979). An industrial or vocational disability is the functional or medical disability as it affects the claimant's ability to perform the duties of employment. Georgia Pac. Corp. v. Taplin, 586 So.2d 823, 828 (Miss.1991).
¶ 12. Owens testified that, after he was injured at Washington Furniture the second time, he attempted to find employment at Moss Furniture. He also claims that a few months later he worked at Country Showood for three weeks. He testified that working there was dangerous. He said he had to prop himself up to *647 take pressure off his leg. He admitted he sought no other employment since he last worked at Country Showood in September 1992. The record thus shows that from that date until September 1996, the date of the hearing before the administrative law judge, Owens made no effort to obtain employment of any kind. We cannot determine that this constitutes a reasonable effort as required to establish a compensable disability. We find the Commission was correct in affirming the administrative law judge in finding Owens's efforts to find other employment were not reasonable ones; therefore, he did not bear his burden to show that he suffered a loss in wage earning capacity. Sardis Luggage Co., 374 So.2d at 829.

III. WAS THERE SUBSTANTIAL EVIDENCE TO SUPPORT THE COMMISSION'S FINDING THAT OWENS WAS NOT TOTALLY AND PERMANENTLY DISABLED?
¶ 13. It is the existence of substantial evidence to support the Commission, not the existence of legitimate rebuttal to it, that commands our review. Reversal is justified only when a commission order is not based on substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law. Smith v. Jackson Const. Co., 607 So.2d 1119, 1124 (Miss.1992).
¶ 14. In reviewing the record, we find that the administrative law judge undoubtedly assigned considerable weight to the evidence presented either by the deposition testimony or the medical records of the doctors relied upon by Washington Furniture. Dr. Windham, a neurosurgeon, first saw Owens on February 17, 1992, ten days after his back injury at Washington Furniture. The record shows that Windham saw Owens eight times from that date until June 1992. During that time he ordered a myelogram and an MRI, both of which were normal. Windham also recommended that Owens begin a work reconditioning program at a rehabilitation clinic. Owens returned to see Windham in April 1993, again complaining of back pain. Windham ordered another MRI at that time, which was also normal. The last time Owens saw Windham was in May 1993, essentially with the same complaints. Windham stated that at that time Owens had reached a state of maximum medical improvement with no impairment rating from a neurological standpoint. He stated that any restrictions of light duty outlined by the rehabilitation group were not permanent in nature.
¶ 15. In addition, Dr. McDonald, a neurosurgeon, opined that Owens's complaints were fabricated and fraudulent. He stated that he knew of no injury that could produce such severe and debilitating pain without positive findings and concluded that Owens suffered no permanent disability as a result of his injury with Washington Furniture. Furthermore, Dr. Senter, an orthopaedic surgeon with a specialty in back and spine surgery initially saw Owens in July 1993. He reported that Owens "is quite suggestive and readily adapts his answers to fit what he perceives to be the correct responses to your questions."
¶ 16. Bearing in mind that the Commission is the finder of the facts and its findings are binding so long as they are supported by "substantial evidence," Jackson Const. Co., 607 So.2d at 1124, we have determined that such evidence exists to support the Commission's decision to deny permanent benefits to Owens. Therefore, the allegation that the Commission committed reversible error in denying permanent disability benefits to Owens is lacking in merit.
¶ 17. THE JUDGMENT OF THE PONTOTOC CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES and IRVING, JJ., concur.
*648 PAYNE, J., dissents with separate written opinion.
MOORE and THOMAS, JJ., not participating.
PAYNE, J., dissenting:
¶ 18. With utmost respect for my majority colleagues, I must dissent. I find that the majority opinion fails to show an appreciation of the well-settled benevolent purpose of our workers' compensation law and the long standing rule that when there is doubt as to compensability of a work-related disability, compensation is the rule. Atlas Roll-Lite Door Corp. v. Ener, 741 So.2d 343, 347 (Miss.Ct.App.1999). Further, I find that the majority places too much emphasis on the fact that no objective medical findings exist regarding the cause or extent of Owens's injury. As we have previously held, it would be "harsh" to penalize Owens simply because his treating physicians cannot identify an medical cause of his continuous suffering. Id. It seems to me that while Owens may not have a medical injury, he does suffer from a continuing occupational disability exacerbated by his uncontested medical injuries to his shoulder and back.
¶ 19. In this case, the medical evidence established that Owens maintained employment while suffering from his mental condition. Owens then suffered the undisputably work-related injuries. After these work-related injuries, according to unrebutted testimony of the employer/carrier's mental health professional, Owens's present mental and emotional health renders him permanently partially disabled. It seems to me the logical conclusion from this sequence is that the work-related injuries exacerbated Owens's mental condition.
¶ 20. Dr. Wood Hiatt, a psychiatrist who examined Owens at the request of the employer/carrier, testified that, based on his interview of Owens and his review of the medical records provided to him, Owens suffered from chronic psychogenic pain disorder[1] due primarily to psychological causes, dysthymia[2], paranoid personality disorder, and features of hypochondriasis. Hiatt attributed fifteen percent of Owens's chronic psychogenic pain disorder to Owens's back injury. Further, Hiatt refused to find Owens to be a malingerer. Further, Dr. Thomas Windham, whose opinions the administrative judge heavily relied on testified only as to Owens's neurological condition and not to the psychological condition. Also, Dr. Bruce Senter, an orthopaedic surgeon who examined and conducted tests on Owens at the request of the employer/carrier, testified that he found no objective medical source of the pain suffered by Owens and classified the pain suffered by Owens as being psychogenic. Dr. Thomas McDonald submitted an affidavit that supported Dr. Senter's opinion of there being no objective medical source of Owens's continued pain. Dr. McDonald did not comment as to the psychogenic nature of Owens's continued pain, but he did note that Owens continued to have "discomfort" and was "unable to work."
¶ 21. The rule with regard to the exacerbation of a pre-existing condition is well-settled: "when a pre-existing disease or infirmity of an employee is aggravated, lighted up, or accelerated by a work-connected injury, or if the injury combines with the disease or infirmity to produce disability, the resulting disability is compensable." Rathborne, Hair & Ridgeway Box Co. v. Green, 237 Miss. 588, 594, 115 So.2d 674, 676 (1959). Further, the Mississippi Supreme Court has spoken with regard to the compensability of mental and nervous diseases. Myles v. Rockwell Int'l, 445 So.2d 528 (Miss.1983). In Myles, the supreme court, citing § 114 of Dunn's seminal *649 treatise on this topic, found that where medical evidence fails to support a patient's claim of disabling pain, compensation may be appropriate where there is no evidence of malingering, and there is no evidence contradicting the claimant's suffering nor evidence suggestive of the fact that the claimant's pain is improbable, incredible, or untrustworthy. Id. at 536. It seems to me the Myles analysis is appropriate for this case and the administrative judge and Full Commission erred in not considering the same.
¶ 22. Moreover, I am disturbed by what I perceive to be a growing trend of medical professionals making factual conclusions that are uniquely for the Commission. I think it inappropriate for an orthopaedist or a neurologist or an internist to conclude without proper foundation that a patient's claims are fraudulent or fabricated, and offer other unfounded conclusions about the sincerity of an injured worker's claim. In the case sub judice, Owens's psychiatric condition did not prevent him from working prior to the two work-related injuries. Now, Owens cannot withstand the stress of employment after these undisputably compensable work-related injuries.
¶ 23. I fully appreciate our limited standard of review and the fact that some of Owens's treating physicians found that he was exaggerating his injuries. However, I feel it is beyond reasonable argument that Owens does not suffer from at least some permanent disability based on the evidence presented and in light of the Mylesrule.
¶ 24. I would reverse and render the decision of the Pontotoc County Circuit Court and remand for further action by the Commission.
NOTES
[1] Dr. Hiatt defined this disorder as chronic pain suffered by an individual with insufficient medical evidence supporting the severity of the alleged pain that is exacerbated by psychological influences.
[2] Dr. Hiatt described this as a form of long-standing depression that is not severe enough to render one disabled.