## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-SA-01318-SCT

*LOIS YOUNG*

*v.*

*MISSISSIPPI EMPLOYMENT SECURITY COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/11/1998 |
| TRIAL JUDGE: | HON. V. R. COTTEN |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | LAUREL G. WEIR |
| | THOMAS L. BOOKER, JR. |
| ATTORNEYS FOR APPELLEE: | MARK D. RAY |
| | ALBERT B. WHITE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 11/18/1999 |
| MOTION FOR REHEARING FILED: | 11/23/99; denied 01/27/2000 |
| MANDATE ISSUED: | 2/3/2000 |

## BEFORE PITTMAN, P.J., McRAE AND SMITH, JJ.

## McRAE, JUSTICE, FOR THE COURT:

¶1. On May 20, 1998, Lois Young was fired from her job as a slot floorperson at the Silver Star Casino.[1] She applied for unemployment compensation but was denied benefits because she had committed misconduct by failing to turn over her employee identification badge upon suspension. Young appealed the denial of benefits. The decision of the claims examiner, however, was upheld by the appeals referee, the review board, and, finally, the Neshoba County Circuit Court. Young appealed to this Court, and, because we find that Young's act of failing to turn over her badge was sufficient to constitute misconduct pursuant to Miss. Code Ann. § 71-5-513 (Supp. 1999), we affirm.

### FACTS AND PROCEEDINGS BELOW

¶2. There was never any hearing in this case[2] and the only facts available are those contained in the report by MESC interviewer Karen Love:

> Employer's statement: Mary Roberts, Human Resources, was interviewed on 5/26/98 and she stated claimant was discharged because she refused to turn in her badge, keys, etc. at suspension. On the last day of work, the claimant went to a slot manager and asked to trade breaks with another employee. The slot manager said no, it was not allowed. The claimant then went to a supervisor, with another person, and said she needed to trade breaks. The supervisor was unaware that the request had previously been denied by the slot manager and said yes. When the employer realized what the

claimant had done, she was suspended. When employees are suspended their badges, keys, etc. are requested by the employer. The claimant refused to turn in her badge. This coupled with the initial incident caused her discharge.

Claimant's statement: The claimant was interviewed on 5/29/98 and she stated she was told she was discharged for insubordination. The claimant said she wanted to take her break at an earlier time. Most people on the floor are allowed to switch breaks. The slot manager said no, but the supervisor okayed it. After her break was okayed, she asked another supervisor why a certain employee was always allowed to have a 10 a.m. break. She was suspended for asking questions, not for changing her break. The claimant said she turned her keys in, but refused to turn in her badge because she needed it to pick up her check.

¶3. Despite the many appeals that were taken in this case, the only substantive opinion is that of the Claims Examiner.

You were separated from your employment with Silver Star on May 20, 1998. Investigation reveals you were discharged because you refused to turn in your badge when the employer was suspending you for trading breaks with another employee after your initial request to do so had been denied. It is, therefore, determined that you were discharged for misconduct connected with your work.

## DISCUSSION

¶4. On appeal, Lois Young contends that the "decision of the lower court is contrary to the overwhelming weight of the evidence and not supported by any law or evidence and any reasonable reading of the Record will show that Plaintiff-Appellant was wrongfully discharged and was not guilty of any misconduct."

¶5. Great deference is accorded an administrative agency's findings and decisions. *The Trading Post, Inc. v. Nunnery*, 731 So.2d 1198, 1200 (Miss. 1999). On appeal, an employee challenging the Board's decision has the burden of overcoming a rebuttable presumption in favor of the Board's decision. Miss. Code Ann. § 71-5-531 (Supp.1999) (requiring that the Board's factual findings, if supported by evidence, be viewed as conclusive and confining judicial review to questions of law); *City of Clarksdale v. Mississippi Employment Sec. Comm'n*, 699 So.2d 578, 580 (Miss. 1997); *Allen v. Mississippi Employment Sec. Commission*, 639 So.2d 904, 906 (Miss. 1994). The denial of benefits may be disturbed only if the denial is (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope of power granted to the agency, or (4) in violation of the employee's constitutional rights. *Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors*, 621 So.2d 1211, 1215 (Miss.1993).

¶6. Under Miss. Code Ann. § 71-5-513A(1)(c) (Supp. 1999), **the employer bears the burden of proving misconduct by clear and convincing evidence.** *The Trading Post, Inc.*, 731 So. 2d at 1201; *Richardson v. Mississippi Employment Sec. Comm'n*, 593 So.2d 31, 34 (Miss.1992). There is no dearth of Mississippi case law with respect to what is required to prove misconduct.

[T]he meaning of the term "misconduct," as used in the unemployment compensation statute, was **conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee.** Also, carelessness and negligence of such degree, or recurrence

thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.

*City of Clarksdale*, 699 So.2d at 581 (emphasis in original) (police officer's failure to pass physical fitness test required to receive certification was misconduct) *(*quoting ***Wheeler v. Arriola***, 408 So.2d 1381, 1383 (Miss.1982)). *See also **Mississippi Employment Sec. Comm'n v. McGlothin***, 556 So.2d 324 (Miss. 1990).

¶7. Insubordination may amount to misconduct. *Halbert v. City of Columbus*, 722 So.2d 522, 525-27 (Miss. 1998); ***Mississippi Employment Sec. Comm'n v. McGlothin***, 556 So.2d at 328; ***Shannon Eng'g & Constr., Inc. v. Mississippi Employment Sec. Comm'n***, 549 So.2d 446, 449 (Miss. 1989). In ***Halbert***, the employee worked as a truck driver in the city sanitation department. The city's drug abuse policy required the random drug testing of half the city's employees each year. An employee randomly selected for testing was given, upon notification, three hours in which to submit to testing. When the employee in ***Halbert*** was advised that she had been selected for the test, she failed to comply and was fired. This Court held that the employee's failure to submit to drug testing within three hours of notification constituted misconduct disqualifying her from unemployment benefits. ***Halbert***, 722 So.2d at 527.

¶8. In this case, the employer had a legitimate security interest in keeping unauthorized persons away from the casino premises. Given our scope of review, Young's refusal to turn over her badge pursuant to the Casino's policy merits a finding of misconduct. Accordingly, we affirm the judgment of the circuit court denying benefits.

¶9. **JUDGMENT IS AFFIRMED.**

> **PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**

1. Silver Star is owned by the Mississippi Band of Choctaw Indians and is managed by Boyd Mississippi, Inc. *See **Harrison v. Boyd Mississippi, Inc.**,* 700 So.2d 247, 251 n.3 (Miss. 1997).

2. A hearing was scheduled before the Appeals Referee but Young was late because she was trying to get her phone turned on. A representative and a witness for the employer showed up but the Referee did not take their testimony. No doubt, as MESC argues, the Referee determined that they would testify consistent with the record made by the Claims Examiner.