**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 1999-CC-00937-SCT**

*JIMMY D. HODGE*

*v.*

*MISSISSIPPI EMPLOYMENT SECURITY COMMISSION AND PEACOCK & PEACOCK, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/26/1999 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEES: | ALBERT B. WHITE |
| | JOHN WESLEY GARRETT, JR. |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED- 04/13/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/4/2000 |

**BEFORE PITTMAN, P.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. This case comes to this Court on appeal of Jimmy D. Hodge from the judgment of the Circuit Court of Smith County, affirming the decision of the Mississippi Employment Security Commission (MESC), which found that claimant Hodge did not qualify for unemployment benefits. After careful review, we conclude that substantial evidence supports the MESC finding that Hodge voluntarily left his employment, and, therefore, we affirm the circuit court.

## STATEMENT OF FACTS

¶2. Jimmy D. Hodge ("Hodge") was employed by Peacock and Peacock Inc. of Mendenhall, Mississippi, for five years as a survey assistant. His last day of employment was September 23, 1998. On that date, it is alleged that Hodge voluntarily left available work after being told by his supervisor Stanley Peacock ("Peacock") that work was ready and available. Peacock asserts that he informed Hodge that if Hodge walked off the job, he would consider that Hodge had quit and that Hodge replied,"well whatever you want."

¶3. In contrast, Hodge asserts that when he left the work site on the 23rd of September, he was going on break because it was the end of his shift. According to Hodge, he had worked 23 days, and it was time for a break, so he left. Hodge understood he would be on break from September 23rd until October 20th at which time he would go to Texas for another job assignment. Peacock states, however, that there was not a set number of days that an employee worked before being given a break and that, nevertheless, there were

approximately seven days of work remaining at the work site.

¶4. After Hodge did not hear back from Peacock, he filed for unemployment compensation benefits which were denied by the MESC claims examiner based on the foregoing information. Hodge appealed this decision, and a hearing was held before the MESC appeals referee on February 1, 1999. The appeals referee affirmed the decision of the claims examiner on February 3, 1999. The MESC Board of Review affirmed and adopted the referee's finding of fact and opinion on February 18, 1999. Hodge then appealed to the Circuit Court of Smith County. The circuit court affirmed the decision of the Board of Review on April 26, 1999. Hodge, aggrieved by the circuit court's judgment, appeals to this Court and assigns the following issue as error:

## STATEMENT OF THE ISSUE

**WHETHER THE CIRCUIT COURT ERRED IN FINDING THAT THE BOARD OF REVIEW'S DECISION WAS SUPPORTED BY SUBSTANTIAL EVIDENCE AND DID PROPERLY APPLY THE LAW TO THE FACTS.**

## STANDARD OF REVIEW

¶5. Miss. Code Ann. § 71-5-531 (Supp. 1999) governs the standard of review for appealing a Mississippi Employment Security Commission Board of Review decision to the circuit court and the Mississippi Supreme Court. This Court's judicial review is limited to questions of law as provided in § 71-5-531, which states in pertinent part:

> In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. . . .

## DISCUSSION OF THE LAW

**WHETHER THE CIRCUIT COURT'S ORDER FINDING THAT THE BOARD OF REVIEW'S DECISION WAS SUPPORTED BY SUBSTANTIAL EVIDENCE AND DID PROPERLY APPLY THE LAW TO THE FACTS.**

¶6. The dispute in this case centers on whether these particular facts support a finding that Hodge had good cause for voluntarily leaving his employment. The MESC appeals referee and board of review specifically found that Hodge was not entitled to receive unemployment benefits because he did not have good cause to leave his job voluntarily. Miss. Code Ann. § 71-5-513A(1)(a) (Supp. 1999) denies unemployment benefits to an employee who voluntarily leaves work without good cause. It further states that "[t]he burden of proof of good cause for leaving work shall be on the claimant...." *Id.* § 71-5-513A(1)(c).

¶7. The following paragraph constituted the opinion of the Board:

> It is the opinion of the referee that the claimant voluntarily left his employment, indicating that it was time for a break. The testimony is clear, that there was no designated time for an entire crew to break and leave the job. Referee has also the opinion that claimant was aware that continuing work was available and that he was needed, however, claimant chose to leave this employment constituting a voluntary leave without good cause. The claims examiner's decision is in order.

The circuit court, after hearing and considering the case, including the letters filed by Hodge, affirmed this decision.

¶8. The testimony in the record shows that Peacock advised Hodge that he had more work for him and that if he left he would leave him short of help and he would assume Hodge was quitting. Hodge explains he did not return to work at the job site because he believed he was on break.

¶9. Great deference is accorded an administrative agency's findings and decisions. *Young v. Mississippi Employment Sec. Comm'n*, No. 1998-SA-01318-SCT, 1999 WL 1042923, at *2 (Miss. Nov. 18, 1999); *The Trading Post, Inc. v. Nunnery*, 731 So. 2d 1198, 1200 (Miss. 1999). On appeal, an employee challenging the Board's decision has the burden of overcoming a rebuttable presumption in favor of the Board's decision. *Id.* Hodge's testimony did not overcome this presumption. This Court has held on numerous occasions that the question of whether an employee voluntarily quit or was discharged is a question of fact for the MESC to determine. *Huckabee v. Mississippi Employment Sec. Comm'n*, 735 So. 2d 390, 394 (Miss. 1999). Accordingly, in the case sub judice, this Court is bound by the Board's finding of fact that Hodge voluntarily quit his employment without good cause as long as such finding is supported by substantial evidence. *Id.*

¶10. The eligibility and disqualification provisions set out in the Mississippi Employment Security Law clearly indicate that this law is for the protection of persons who are part of the force of working employees who are ready, willing and able to perform their work, but who, through no fault of their own, are not permitted to do so, and the law is not to be used to reward those who, for reasons of their own, refuse to work at suitable employment. *Mississippi Employment Sec. Comm'n v. Fortenberry*, 193 So. 2d 142, 144 (Miss. 1966). *See also* Miss. Code Ann. § 71-5-3 (1995).

## CONCLUSION

¶11. After careful review of the record and testimony, we find that substantial evidence supports the Board's determination that Hodge voluntarily left his employment without good cause. Unemployment compensation benefits were not designed to assist claimants such as Hodge. Accordingly, this Court affirms the judgment of the Smith County Circuit Court.

¶12. **AFFIRMED**.

> **PRATHER, C.J., PITTMAN AND BANKS, P.JJ., McRAE, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR.**