## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CC-01551-SCT

*COAHOMA COUNTY, MISSISSIPPI*

*v.*

*MISSISSIPPI EMPLOYMENT SECURITY COMMISSION AND JACQUELINE D. WALLACE*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/27/1999 |
| TRIAL JUDGE: | HON. KENNETH L. THOMAS |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TOM T. ROSS, JR. |
| ATTORNEY FOR APPELLEES: | ALBERT B. WHITE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 05/04/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/25/2000 |

**BEFORE PITTMAN, P.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Coahoma County, Mississippi appeals to this Court from a judgment of the Circuit Court of Coahoma County, which affirmed the award by the Board of Review of the Mississippi Employment Security Commission (Commission) of unemployment compensation benefits to Jacqueline D. Wallace. Wallace was discharged from her with the county employment due to alleged misconduct. After careful review, we find that Wallace's actions did not rise to the level of misconduct pursuant to Miss. Code Ann. § 71-5-513 (Supp. 1999). We affirm the circuit court.

### FACTS

¶2. Jacqueline D. Wallace ("Wallace") was employed as the main control officer at the Coahoma County Sheriff's Department jail for approximately 2 years. Her last day of work was on November 10, 1998, when she was suspended pending an investigation into an inmate complaint of sexual harassment. As main control operator, she was responsible for monitoring activities of all jail surveillance cameras to detect any unusual activities or equipment malfunction and reporting it to the supervisor. She was also required to complete an incident report detailing any problems on her shift. Wallace worked from 11:00 p.m. until 7:00 a.m. on October 21, 1998, October 22, 1998, October 28, 1998, and November 5, 1998. No reports of unusual activities were reported during these shifts. However, the inmates complained the harassment occurred on these shifts. The surveillance tapes were reviewed, and they showed the booking area camera was covered approximately thirty-one minutes on October 23, 1998, and the camera for the same area was again covered approximately twelve minutes on October 29, 1998.

¶3. Wallace denied being aware of the tampering with the cameras, but admitted that she sometimes left the monitors ten or fifteen minutes to go to the restroom which was located in her immediate work area. On November 17, 1998, Wallace was discharged for putting the safety of the inmates and employees in jeopardy because she did not report another employee for covering up a monitoring camera.

¶4. Wallace applied with the Commission for unemployment compensation benefits, and the Commission's claims examiner denied the claim. Wallace appealed the claims examiner's decision to the Appeals Referee of the Commission. The Appeals Referee entered a written decision finding Wallace was discharged for neglect of her duties and that willful misconduct had been shown. Wallace appealed this decision to the Board of Review which found that Wallace did not willfully and deliberately violate any rule of the employer and that she performed her work to the best of her ability. The disqualification for benefits was canceled. On the county's subsequent appeal, the circuit court affirmed the decision of the Board of Review. Coahoma County, aggrieved by the circuit court's judgment, appeals to this Court and assigns the following issue as error:

## STATEMENT OF THE ISSUE

**I. WHETHER THE CIRCUIT COURT ERRED IN FINDING THAT THE BOARD OF REVIEW'S DECISION WAS SUPPORTED BY SUBSTANTIAL EVIDENCE AND WAS NOT ARBITRARY NOR CAPRICIOUS.**

## STANDARD OF REVIEW

¶5. This Court has clearly set forth the standard of review of an Employment Security Commission ruling:

Judicial review of an Employment Security Commission ruling is limited to determination of whether the decision is supported by substantial evidence.... This Court must review the record to determine whether there is substantial evidence to support the Board of Review's findings of fact, and further, whether, as a matter of law, the employee's actions constituted misconduct disqualifying him from eligibility for unemployment compensation benefits....

Miss. Code Ann. § 71-5-513 (A)(1)(b) (Rev. 1989) provides that an individual may be disqualified for unemployment benefits if he was discharged "for misconduct connected with his work." The employer has the burden of showing by "substantial, clear, and convincing evidence" that the former employee's conduct warrants disqualification from eligibility for benefits...

*City of Clarksdale v. Mississippi Employment Sec. Comm'n*, 699 So. 2d 578,580 (Miss. 1997) (quoting **Foster v. Mississippi Employment Sec. Comm'n**, 632 So. 2d 926, 927 (Miss. 1994)). Further, judicial review of a decision of the Board of Review is also governed by Miss. Code Ann. § 71-5-531(1995) which reads in pertinent part as follows:

In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. Miss.Code Ann. § 71-5-531 (1995)....

*City of Clarksdale*, 699 So. 2d at 581.

## DISCUSSION OF THE LAW

**I. WHETHER THE DECISION OF THE CIRCUIT COURT AFFIRMING THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION WAS SUPPORTED BY SUBSTANTIAL EVIDENCE AND WAS NOT ARBITRARY NOR CAPRICIOUS.**

¶6. The threshold question is whether the charges against Wallace constituted misconduct under the law, and whether the findings and decision of the Board of Review were supported by substantial evidence. Miss. Code Ann. § 71-5-513 (Supp.1999) states in pertinent part:

A. An individual shall be disqualified for benefits: (1)(b) For the week, or fraction thereof, which immediately follows the day on which he was discharged for misconduct connected with his work, if so found by the commission, and for each week thereafter until he has earned remuneration for personal services performed for an employer, as in this chapter defined, equal to not less than eight (8) times his weekly benefit amount, as determined in each case.

¶7. This Court has said there is no dearth of Mississippi case law with respect to what is required to prove misconduct. *Young v. Mississippi Employment Sec. Comm'n*, No. 1998-SA-01318-SCT, 1999 WL 1042923, at \*2 (Miss. Nov. 18, 1999).

[T]he meaning of the term "misconduct," as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.

*Id.* (emphasis added) (quoting *City of Clarksdale*, 699 So. 2d at 581).

¶8. The testimony reveals that Sergeant Collins, Wallace's supervisor, covered the camera with a towel on the first occasion and a blanket on the second occasion. Two inmates' attorneys complained that Sergeant Collins had covered these cameras for the purpose of hiding sexual acts with the inmates. After this allegation was confirmed, Wallace was eventually terminated for failing to detect or report that the equipment had been altered or covered and failing to report her superior officer's misconduct. Sheriff Thompson was of the opinion that Wallace's conduct constituted violations of department policies prohibiting insubordination, neglect of duty, abuse of department equipment and withholding evidence.

¶9. The Mississippi Employment Security Commission's Administrative Manual Part V, Paragraph 1720, states:

An employee shall not be found guilty of misconduct for the violation of a rule unless: (1) the employee knew or should have known of the rule; (2) the rule was lawful and reasonable related to the job environment and job performance; and (3) the rule is fairly and consistently enforced.

(emphasis added).

¶10. Wallace contends the Coahoma County Sheriff's Department did not fairly and consistently enforce its rule regarding monitoring the jail cameras. On cross-examination, Sheriff Thompson admitted that Wallace had not been informed that her failure to monitor the cameras, or failure to detect such an incident, would result in immediate termination for a first offense. Sheriff Thompson further testified that the only other control operator on duty during the incidents was a park control operator, but the park control and main control operators do not interact. It was also the duty of the jail administrator to review the tapes after the shifts but sometimes he might not review them daily or he might not have reviewed them at all. The Sheriff testified that the tapes were supposed to be reviewed the next day. Disciplinary actions were not taken against the jail administrator.

¶11. When Sheriff Thompson was asked if Wallace's failure to report the obstructions of the cameras was insubordination as outlined in the policy and procedures for the department he answered,"Well,...sometime you have to go up and beyond and I think it would fit in." He also stated there were allegations that Wallace was asleep during these incidents, but admitted that she denied this allegation, and she was not charged with sleeping on duty. In regard to her neglecting her duty, Sheriff Thompson stated for the record that her alleged failure to report a superior officer's obstruction of the camera fits into this policy of neglect of duty. Wallace testified that she could not report what she did not detect. The monitors are constantly changing and recording and during the incidents in question she could have been in the bathroom or on break. Wallace's supervisor, Sergeant Collins, was the designated person to relieve her when she needed to leave the area, and when requested to do so by Sergeant Collins, Wallace could ask officer Whitehead to relieve her. She understood the monitors were to be attended at all times, and she was to report all unusual or suspicious activity. Nevertheless, she would have to go to the bathroom 2 or 3 times in a day, and if she was not relieved she had to leave her area unattended. Wallace testified that she would call for relief and her sergeant would never show up and sometime another officer would relieve her but mostly she would have to leave the area unattended. Wallace has returned from a break to find the cameras unattended because Sergeant Collins would be downstairs or officer Whitehead would be in the bathroom.

¶12. In *Wheeler v. Arriola*, 408 So. 2d 1381 (Miss. 1982), this Court stated that "[t]he conduct may be harmful to employer's interests and justify the employee's discharge; nevertheless, it evokes the disqualification for unemployment insurance benefits only if it is wilful, wanton, or equally culpable." *Id.* at 1383 (quoting *Jacobs v. California Unemployment Ins. Appeals Bd.*, 25 Cal. App. 3d 1035, 1037, 102 Cal. Rptr. 364, 366 (Cal. Ct. App. 1972)). The record reveals that in the past when Wallace has observed an incident that she deems is an infraction against the rules and regulations she has made an incident report. Wallace also asserts she has reported the lack of cooperation in getting assistance to take the necessary breaks as well as other prohibited activities by Sergeant Collins to the jail administrator/department head who has stated that he could not believe that Sergeant Collins was doing these things. To her knowledge the jail administrator did not act upon these reports.

¶13. The Board of Review agreed with the Findings of Fact as stated by the Appeals Referee:

The claimant admitted that there were times when the surveillance cameras were not monitored when she went on breaks or to the bathroom. These circumstances, however, were known by supervisory authorities and had been the common practice over a period of time. The evidence indicates that the rule that the cameras had to be constantly monitored at all time and never left unattended had not been consistently enforced by the employer and the claimant had not been warned or reprimanded about any violation of such rule. The Board is of the opinion that the claimant did not willfully and

deliberately violate any rule of the employer and that she performed her work to the best of her ability. The actions which caused her discharge did not rise to the level of misconduct connected with the work within the meaning of that term as it is used in the law and disqualification for benefits is not warranted.

¶14. The employer bears the burden of proving misconduct by clear and convincing evidence. Miss. Code Ann. § 71-5-513A (1)(c)(Supp. 1999). We hold that the findings of the Board of Review are supported by evidence in the record. It is true as pointed out by the Coahoma County Sheriff's Department pursuant to Miss. Code Ann. § 71-5-523 (1995) that the Board of Review may on its own motion modify, affirm, or set aside any decision of an appeal tribunal on the basis of the evidence previously submitted in such case. However, the county is incorrect to assert that the evidence previously submitted, which is to be considered by the Board, was insufficient for the Board to base its reversal of the Appeals Referee's decision. We thus hold that Coahoma County did not meet its burden of proving misconduct pursuant to the law. We also find that there was evidence within the record that the monitoring rule was not fair and consistently enforced by the Sheriff's department. The jail administrator was clearly not subjected to disciplinary action. Additionally, Sheriff Thompson admitted that Wallace had not been informed that failure to detect an incident such as this would result in immediate termination for such first offense. These reasons were cited by the Board of Review and stated by the Appeals Referee.

## CONCLUSION

¶15. In summary, the principle is well settled that an order of the Board of Review of the Employment Security Commission on the facts is conclusive upon the lower court, if supported by substantial evidence and in the absence of fraud, and the scope of review requires the determination of the sufficiency of the evidentiary basis of the decision. *Wheeler,* 408 So. 2d at 1384.

¶16. We are of the opinion that the findings and order of the Board of Review of the Mississippi Employment Security Commission are supported by substantial evidence and that Wallace's conduct does not rise to the level of misconduct. The judgment of the Coahoma County Circuit Court affirming the decision of the Board of Review of the Mississippi Employment Security Commission is affirmed, thus allowing unemployment compensation benefits for Wallace.

¶17. **AFFIRMED**.

**PRATHER, C.J., PITTMAN AND BANKS, P.JJ., McRAE, MILLS, WALLER, AND COBB, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING**.