825 So.2d 703 (2002)
Myrna Kay WAGNER, Appellant,
v.
HANCOCK MEDICAL CENTER and Mississippi Hospital Association Public Workers' Compensation Group, Appellees.
No. 2001-WC-01163-COA.
Court of Appeals of Mississippi.
September 3, 2002.
*704 John F. Hester, Gulfport, Attorney for Appellant.
Ronald T. Russell, Gulfport, Attorney for Appellees.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
McMILLIN, C.J., for the court.
¶ 1. This proceeding began as a claim by Myrna Kay Wagner for benefits before the Mississippi Workers' Compensation Commission. Wagner claimed to have suffered permanent disability arising from a neck injury sustained while working as a housekeeper at Hancock Medical Center ("Hancock"). The fact of a work-related neck injury was not contested and Hancock, through its workers' compensation carrier, provided Wagner with medical treatment for her injury. Wagner received temporary total disability benefits during the period of her recovery. However, Hancock disputed Wagner's claim that she had suffered a permanently diminished ability to earn wages that would entitle her to additional compensation. Wagner filed a petition to controvert.
¶ 2. The administrative judge determined that Wagner had sustained a forty percent loss of wage-earning capacity. The judge ordered Hancock to pay permanent partial disability benefits in amounts appropriate for that degree of disability.
¶ 3. The employer proceeded to file a petition for review before the Full Commission, the result being that the Commission reversed the administrative judge's *705 order and denied Wagner's claim for permanent disability benefits.
¶ 4. Wagner appealed without success to the Circuit Court of Hancock County, and now appeals the Commission's decision as to permanent disability to this Court.

I.

Facts
¶ 5. On September 29, 1996, Wagner injured her neck while engaged in manual labor as a member of the cleaning force of Hancock. She was seen in Hancock's emergency room and was subsequently referred to see Dr. Richard Buckley, who ultimately performed surgery on Wagner's neck. After Dr. Buckley's retirement in 1997, Wagner's care was undertaken by Dr. Terry Smith. Dr. Smith evaluated Wagner in January 1998 and concluded that she had reached maximum medical improvement. He was of the opinion that Wagner had suffered a twelve percent permanent partial impairment to the body as a whole arising out of the injury. He restricted her from lifting more than twenty-five pounds and cautioned against activities requiring abnormal neck positions.
¶ 6. Wagner was released to return to work in March 1998 subject to the physical limitations imposed by Dr. Smith. Hancock attempted to accommodate Wagner's diminished physical abilities by providing other members of the staff to perform tasks that exceeded Dr. Smith's recommendations. However, Wagner persisted in her complaints of continuing pain as she went about her job duties and repeatedly stated that the pain prevented her from performing work activities that did not, on their face, run afoul of the suggested restrictions issued by Dr. Smith. Ultimately, Wagner was terminated from employment because of her failure to satisfactorily perform her assigned duties.
¶ 7. In October of 1998, Hancock had a vocational rehabilitation expert meet with Wagner in order to assess her suitability for other employment. Wagner was advised of a number of positions deemed both suitable and open to applicants, but she only responded to one out of the five available positions. That position was not offered to Wagner, but the proof showed that Wagner had limited her available work hours on her application due to family considerations that bore no relation to her alleged physical incapacity, and that this had affected the employer's decision not to offer employment to Wagner. Wagner ultimately found work at another location doing janitorial work but quit after only a short time, complaining that the work substantially aggravated her pain symptoms.
¶ 8. The Full Commission found itself unconvinced of Wagner's inability to return to gainful employment, apparently substantially discounting Wagner's complaints of pain caused by performing the routine duties associated with her work at Hancock. In so doing, the Commission noted that Wagner's own self-imposed limitations as to her activities-which ultimately appeared to extend to practically all of the duties requested of her by Hancockfound no support in the modest limitations imposed upon her by her treating physician. The Commission concluded that, rather than being forced from employment by the residual effects of her neck injury, Wagner had voluntarily removed herself from the work force.
¶ 9. In this appeal, Wagner purports to raise three issues. A review of the issues shows that the thrust of Wagner's various arguments is the same, i.e., that the Commission's findings of fact regarding her ability to return to her former employment *706 or some other similar endeavor is not supported by substantial evidence. We will, therefore, discuss the issues raised in one combined discussion.

II.

Discussion
¶ 10. There can be no disagreement that Hancock offered Wagner her former position back, only slightly modified to accommodate those medically-imposed restrictions on her physical activities. Neither does it appear open to genuine dispute that the only evidence supporting Wagner's claim of inability to perform her duties after returning to work consists of her subjective complaints of pain when performing duties that would not appear to violate or exceed the restrictions imposed by her treating physicians. There simply was no evidence presented by Wagner that would support a contention that the various duties asked of Wagner after she returned to work somehow violated the fairly minimal restrictions suggested by the medical experts. The Commission sits as finder of facts and its findings must be affirmed on judicial review if there is substantial evidence in the record to support those findings. Smith v. Jackson Constr. Co., 607 So.2d 1119, 1124 (Miss.1992). As fact-finder, the Commission also must determine issues of credibility of the various witnesses and those determinations of credibility are entitled to substantial deference on appeal. Mississippi Public Service Comm'n v. South Cent. Bell Tel. Co., 464 So.2d 1133, 1135 (Miss.1984).
¶ 11. It is, in fact, true that subjective complaints of debilitating pain unsupported by any medical proof of an underlying physical cause may, if found credible by the finders of fact, support a claim for disability. Morris v. Lansdell's Frame Co., 547 So.2d 782, 785 (Miss.1989).
¶ 12. However, in this case, it is apparent that the Commission did not find Wagner's complaints of disabling pain to be credible. Further, the Commission concluded that Wagner's efforts to find other work that could be performed without exacerbating her pain symptoms were not genuine. Disability in cases of this nature means a diminished ability to earn wages in the former employment or other employment. Miss.Code Ann. § 71-3-3(i) (Rev.2000). The claimant has the burden of proof to establish her right to compensation under the law, and the Mississippi Supreme Court has held that, even in the case where the claimant cannot return to her former employment, an unexcused failure to show an effort to explore other employment opportunities more suited to the claimant's post-injury condition is fatal to a claim for permanent disability. Compere's Nursing Home v. Biddy, 243 So.2d 412, 414 (Miss.1971).
¶ 13. There appears substantial evidence in the record to support the Commission's determination that Wagner's post-injury unemployment arose due to her unwillingness to carry out tasks she was physically capable of performing, rather than from a permanent diminished physical ability to perform in the workplace arising out of her neck injury. In that circumstance, it is the obligation of a reviewing judicial tribunal to affirm the decision of the Commission. Coahoma County v. Mississippi Employment Sec. Comm'n, 761 So.2d 846(¶ 5) (Miss.2000).
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*707 KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.