966 So.2d 868 (2007)
Marvin CHESTNUT, Appellant,
v.
DAIRY FRESH CORPORATION and Great American Assurance Company, Appellees.
No. 2006-WC-01985-COA.
Court of Appeals of Mississippi.
October 16, 2007.
*869 Michael Adelman, Hattiesburg, attorney for appellant.
J. Andrew Hughes, Tupelo, attorney for appellees.
Before MYERS, P.J., BARNES and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. At issue in this appeal is whether the Forrest County Circuit Court erred in affirming the decision of the Mississippi Workers' Compensation Commission, which denied permanent disability benefits to Marvin Chestnut. Chestnut sustained a compensable injury to his back while working at Dairy Fresh, for which he was awarded temporary total disability benefits. However, Chestnut was denied permanent partial disability benefits for failure to conduct the required job search effort. The Commission subsequently affirmed, as did the circuit court. Chestnut argues that he has not yet reached maximum medical improvement and, therefore, he is not required to resume working. Finding no error in the decision of the lower court, we affirm.

STANDARD OF REVIEW
¶ 2. We follow the direction of our supreme court in stating our standard of review,

*870 This Court is bound by the decision of the Mississippi Workers' Compensation Commission if the Commission's findings of fact are supported by substantial evidence. . . . Stated differently, this Court will reverse the Commission's order only if it finds that order clearly erroneous and contrary to the overwhelming weight of the evidence. A finding is clearly erroneous when, although there is some slight evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made by the Commission in its findings of fact and in its application of the Act.
Barber Seafood, Inc. v. Smith, 911 So.2d 454, 461(¶ 27) (Miss.2005) (quoting Hardaway Co. v. Bradley, 887 So.2d 793, 795(¶ 11) (Miss.2004) (citations omitted)).

FACTS
¶ 3. Following Chestnut's back injury, he sought medical treatment with Drs. Michael Patterson and James Antinnes. Initially, both physicians recommended surgery. However, upon viewing a surveillance video depicting Chestnut changing a flat tire and picking up a child, both surgeons reneged on their initial medical opinions, and discontinued their recommendation of surgery. Dr. Antinnes opined that Chestnut reached maximum medical improvement on August 18, 2003, and the administrative judge adopted this date, as well. Upon Chestnut's release back to work, he was assigned a ten percent impairment rating by Dr. Patterson, and restricted to light level work. However, Chestnut did not report back to work and present his work restrictions to Dairy Fresh for accommodation. Save one attempt to perform yard work for a friend, Chestnut did not search for alternative employment after being released to return to work. The administrative judge found that Chestnut did not perform a reasonable work search, and this finding served as the basis for denying Chestnut's claim of permanent disability under the precedent of Dulaney v. National Pizza Co., 733 So.2d 301, 304(¶ 9) (Miss.Ct.App. 1998).

DISCUSSION
¶ 4. To be compensated for a disability under the Mississippi Workers' Compensation Act, the injured employee bears the general burden of proof of establishing by a preponderance of the evidence that an accidental injury occurred arising out of employment, and showing the existence of a causal connection between the injury and the claimed disability. Bryan Foods, Inc. v. White, 913 So.2d 1003, 1008(¶ 18) (Miss.Ct.App.2005); Mid-Delta Home Health, Inc. v. Robertson, 749 So.2d 379, 385(¶ 21) (Miss.Ct.App.1999). Mississippi Code Annotated section 71-3-17(c)(25) (Rev.2000), controls compensation for a claimant that has suffered a permanent partial non-scheduled member injury and reads in pertinent part:
the compensation shall be sixty-six and two-thirds percent (66-2/3%) of the difference between his average weekly wages, subject to the maximum limitations as to weekly benefits as set up in this chapter, and his wage-earning capacity thereafter in the same employment or otherwise . . .
¶ 5. In determining the extent of the claimant's disability in terms of his loss of wage earning capacity, the Commission considers the employee's actual wages earned prior to the injury as compared to the employee's capacity to earn those same wages after the injury, as well as other factors such as the employee's age, education, training and work experience, and his ability to return to the same or other employment. DeLaughter v. South Cent. Tractor Parts, 642 So.2d 375, 379 (Miss. *871 1994). When the claimant has not returned to work after reaching maximum medical recovery, the claimant must establish either that he has sought and been unable to obtain work in similar or other jobs or show that, upon his reaching maximum medical improvement, he reported back to his employer and the employer refused to reinstate or rehire him. Hale v. Ruleville Health Care Ctr., 687 So.2d 1221, 1226 (Miss.1997); Barnes v. Jones Lumber Co., 637 So.2d 867, 869 (Miss.1994); Jordan v. Hercules, Inc., 600 So.2d 179, 183 (Miss.1992).
¶ 6. Chestnut argues that he has yet to reach maximum medical improvement, and therefore, the Commission's finding that he failed to report back to Dairy Fresh or seek employment elsewhere was premature. The Commission has the primary duty to analyze the evidence before it and to determine whether a claimant has reached maximum medical improvement or recovery. Alumax Extrusions Inc. v. Wright, 737 So.2d 416, 420(¶ 10) (Miss.Ct.App.1998). After viewing the surveillance video depicting Chestnut changing a flat tire and picking up a child, both of Chestnut's physicians opined that Chestnut had reached maximum medical improvement. The Commission adopted the doctor's opinions in making its findings. Considering the evidence that the Commission had before it, we cannot find that its decision that Chestnut had reached maximum medical recovery on August 18, 2003 was error.
¶ 7. Because we find that the Commission was not in error in deciding that Chestnut had met maximum medical improvement, we turn our review to determine whether the Commission erred in finding that Chestnut failed to meet his burden of showing a permanent partial disability. The law of workers' compensation is well-settled when a claimant, after reaching maximum medical improvement, fails to prove that he sought, but nonetheless failed, to regain employment or secure alternate employment, an award of permanent disability benefits is precluded. Hale, 687 So.2d at 1228; Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1249 (Miss. 1991); Piper Industries, Inc. v. Herod, 560 So.2d 732, 735 (Miss.1990); Pontotoc Wire Products Co. v. Ferguson, 384 So.2d 601, 603 (Miss.1980). Even if a claimant has been assigned a permanent impairment rating and working restrictions, an administrative judge may deny permanent partial disability benefits if the claimant has made no effort to return to his previous employer or sought suitable alternative employment. Sardis Luggage Co. v. Wilson, 374 So.2d 826, 829 (Miss.1979); Cuevas v. Copa Casino, 828 So.2d 851, 858(¶ 21) (Miss.Ct.App.2002); Wagner v. Hancock Med. Ctr., 825 So.2d 703, 706(¶ 12) (Miss.Ct.App.2002); Owens v. Washington Furniture Co., 780 So.2d 643, 647(¶ 12) (Miss.Ct.App.2000); Dulaney, 733 So.2d at 304(¶ 8).
¶ 8. "The claimant has the burden of proof to establish her right to compensation under the law, and the Mississippi Supreme Court has held that, even in the case where the claimant cannot return to her former employment, an unexcused failure to show an effort to explore other employment opportunities more suited to the claimant's post-injury condition is fatal to a claim for permanent disability." Wagner, 825 So.2d at 706(¶ 12). "One attempt at finding employment has been held to not be sufficient." Cuevas, 828 So.2d at 858(¶ 21) (citing Compere's Nursing Home v. Biddy, 243 So.2d 412, 414 (Miss.1971)). Here, the Commission found that Chestnut's reaching maximum medical improvement, and his failure to make a reasonable effort to find employment following release from his physicians, constitutes a bar as to *872 his ability to present a prima facie case of permanent partial disability. We agree. Even assuming that Chestnut's endeavor to perform yard work for a friend constitutes a job search, this one attempt at securing alternative employment is insufficient to demonstrate a permanent partial disability. Accordingly, the judgment of the lower court is affirmed.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.