LEE, P.J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. Juan Lopez filed a petition to controvert on February 2, 2004, alleging a work-related accident while employed with Zachry Construction Corporation (Zachry) in Choctaw County, Mississippi. Lopez claimed that on January 1, 2003, he injured his lower back while lifting a piece of sheet metal. Zachry paid Lopez temporary total benefits. Lopez’s physician, Dr. Ken Staggs, assigned a permanent impairment rating of 5% to the body as a whole and determined that Lopez’s date of maximum medical improvement was December 2, 2003.
¶ 2. After a hearing, the administrative law judge (ALJ) determined that Lopez was due no further weeks of temporary total indemnity benefits after October 3, 2003, as Lopez admitted that he had failed to comply with medical treatment. In regard to the issue of permanent partial disability, the ALJ awarded Lopez permanent disability benefits of fifteen dollars per week beginning December 2, 2003, and continuing for 450 weeks.
¶ 3. The Mississippi Workers’ Compensation Commission (Commission) and the Circuit Court of Leake County affirmed the decision of the ALJ. Lopez now appeals, asserting that the Commission’s decision was contrary to law and against the overwhelming weight of the evidence. Finding no error, we affirm.
FACTS
¶ 4. On January 1, 2003, Lopez was lifting a piece of sheet metal and injured his back. Lopez initially received treatment at a local clinic, but he continued working for Zachry until he was laid off in May 2003. On his own initiative, Lopez was seen by another physician, Dr. Jose Paz, who then referred Lopez to Dr. Lon Alexander, a neurosurgeon. Dr. Alexander examined Lopez on June 11, 2003, and took Lopez off work that day. At that point, Zachry began to pay Lopez indemnity benefits. Dr. Alexander recommended surgery, but Lopez did not undergo surgery. Lopez was then referred to Dr. Staggs, a pain management physician. Over the course of his appointments with Dr. Staggs, Lopez received steroid injections.
¶ 5. On October 24, 2003, Lopez underwent a functional-capacity examination. It was determined that Lopez had a 100-pound bilateral carry. Dr. Staggs recommended that Lopez undergo two weeks of work hardening to prepare for return to *1237 work. Dr. Staggs opined that Lopez would be at maximum medical improvement at the completion of the two-week period and would be temporarily limited to fifty pounds lifting. Ultimately, Lopez did not complete the recommended physical therapy. In addition, Dr. Staggs’s notes indicate that Lopez had been uncooperative during the course of treatment and had failed to keep appointments. On December 2, 2003, noting that Lopez had failed to complete his therapy, Dr. Staggs stated that Lopez was at maximum medical improvement and finally released him to a fifty-pound weight-lifting limit. Dr. Staggs assigned a 5% impairment rating to the body as a whole.
¶ 6. Dawn Paradis, a rehabilitation case manager, assisted Lopez in finding employment. Paradis initially evaluated Lopez on November 3, 2004. Any work searches were submitted to Dr. Staggs for his approval as to the physical requirements of the job. Post-injury, Lopez worked for a short time installing tile and, at another time, as a Spanish translator. At the time of trial, Lopez stated that he had not looked for employment for approximately eighteen to twenty-four months. Lopez testified that his back had improved and that he was not taking any prescription medication for his pain.
STANDARD OF REVIEW
¶ 7. The standard of review in workers’ compensation cases is well established. The decision of the Commission will be reversed only if it is not supported by substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law. Weatherspoon v. Croft Metals, Inc., 853 So.2d 776, 778(¶ 6) (Miss.2003) (citing Smith v. Jackson Constr. Co., 607 So.2d 1119, 1124 (Miss.1992)). If the Commission’s decision and findings of fact are “supported by substantial evidence, then we are bound by them” even if we would have been convinced otherwise. Spann v. Wal-Mart Stores, Inc., 700 So.2d 308, 311(¶ 12) (Miss.1997) (citing Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988)). We exercise de novo review on matters of law. KLLM, Inc. v. Fowler, 589 So.2d 670, 675 (Miss.1991).
DISCUSSION
¶ 8. In his only issue on appeal, Lopez argues that the decision of the Commission was not supported by substantial evidence. Lopez’s argument concerns the award of permanent partial disability benefits and not the temporary total benefits. Disability is defined as incapacity due to injury to earn the wages which the employee was receiving at the time of the injury in the same or other employment. Miss.Code Ann. § 71-3-3© (Rev.2000). If, after reaching maximum medical improvement, the claimant has not returned to work, “the claimant must establish either that he has sought and been unable to obtain work in similar or other jobs or show that, upon his reaching maximum medical improvement, he reported back to his employer and the employer refused to reinstate or rehire him.” Chestnut v. Dairy Fresh Corp., 966 So.2d 868, 871(¶ 5) (Miss.Ct.App.2007) (citing Hale v. Ruleville Health Care Ctr., 687 So.2d 1221, 1226 (Miss.1997)).
¶ 9. After being laid off from his job with Zachry, Lopez worked for approximately two months installing tile, and for a short time, he worked as a translator. At the time of the hearing, on September 10, 2007, Lopez testified that he had not looked for a job in the last eighteen to twenty-four months. According to the testimony, Lopez had been unemployed for approximately four years. Lopez testified that he quit looking for work after his wife gave birth to their third child in November 2004. Lopez stated that his wife’s salary and benefits were such that it made sense *1238 for him to stay home and care for his youngest child rather than find another job.
¶ 10. The vocational expert, Paradis, periodically sent Lopez lists of available jobs. Paradis sent Lopez approximately five available jobs in 2004 and three in 2005. It is unclear from the record if Lopez applied for every job. Ultimately, his relationship with Paradis did not result in any gainful employment. Lopez also testified that a former employer offered him a job making up to $500 per week, which he declined. Lopez attempted to backtrack during this testimony, stating that he did not consider the job offer legitimate. However, Lopez made it clear during his testimony that he chose to stay at home and not seek employment.
¶ 11. The ALJ noted Lopez’s predicament in deciding to stay at home, but determined that this decision did not alleviate Lopez’s duty to seek employment. The ALJ ultimately found that Lopez had not satisfied his burden of seeking alternative employment. Noting that the evidence did support some loss of wage-earning capacity, the ALJ awarded Lopez permanent partial disability benefits of fifteen dollars per week for 450 weeks. The Commission affirmed the ALJ’s decision. We find substantial evidence to support the decision; thus, we affirm.
¶ 12. THE JUDGMENT OF THE CHOCTAW COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.